PATTI DE VAN ROSE, Respondent, v. WALTER THOLBORN, Appellant.

Springfield Court of Appeals, February 6, 1911.

1. **SLANDER: Privileged Communication: Qualified Privilege.** Privileged communications are of two characters, absolute and qualified. A qualified privilege extends to all communications made bona fide upon any subject-matter in which the party communicating has an interest, or in reference to which he owes a duty to a person having a corresponding duty or interest and to cases where the duty is not a legal one but where it is of a moral or social character of imperfect obligation. Such communication when spoken in actual malice is not privileged.

2. ———: ———: ———: **Malice.** In an action for slander the circumstances under which the words were spoken were *held* not to bring them under the term of absolute privileged communication, but were privileged only if spoken in good faith and from a sense of duty, and if they were spoken in actual malice the communications were not privileged.

3. ———: **Evidence: Admitting Slanderous Words Not Alleged.** Ordinarily slanderous words, other than the words charged in the petition to have been intended, are properly admitted as evidence of malice on the part of the defendant.

4. **EVIDENCE: Reputation: Specific Acts of Immorality.** It is not permissible to attack the reputation or character of a party by undertaking to show specific acts of immorality.

5. **JURY: Misconduct: Talking to Witness: New Trial.** One of the grounds assigned in the motion for a new trial was the misconduct of a juror in talking to a witness while the trial was in progress. Both juror and witness made affidavits that the case was in no way mentioned in their conversation. The trial court overruled the motion for a new trial. *Held,* that there was no reason for the appellate court to interfere.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*M. R. Lively* for appellant.

(1) The proof must be equivalent to the charge alleged in the petition. Though the charge is substantially the same, yet if in different phraseology it will not support the action. Yager v. Bruce, 116 Mo. App. 473; Burch v. Benton, 26 Mo. 153; Unterberger v. Scharff, 51 Mo. App. 102; Berry v. Dryden, 7 Mo. 324; Burch v. Benton, 21 Mo. 161; Chrystal v. Craig, 80 Mo. 375. (2) The court erred in permitting witness McInturf, offered by plaintiff, to testify that defendant said, "Is that woman rooming at your house? If, she is, you had better investigate her character," over the defendant's objection; and in permitting the jury to consider such statement in making up its verdict, over the defendant's objection. It was prejudicial to the defendant; not pleaded; was not in issue. McAtee v. Vanlandingham, 20 Mo. App. 45; Kenworthy v. Journal Co., 117 Mo. App. 336; Overton v. White, 117 Mo. App. 537. (3) The court erred in submitting to the jury the charge in the petition "Post spent the night with Mrs.

Rose v. Tholborn.

Rose." There was no evidence to support it. Kenworthy v. Journal Co., 117 Mo. App. 336. (4) The court erred in not giving the instruction the nature of a demurrer at the close of plaintiff's testimony asked by defendant. Overton v. White, 117 Mo. 557; Ukman v. Record Co.; 189 Mo. 378; Townsend on Slander and Libel, sec. 241; Moberly v. Preston, 8 Mo. 463; Johnson v. Dispatch Co., 65 Mo. 463; State v. Derry, 20 Mo. App. 558. (5) The court erred in not permitting defendant to show by witness Taylor that the plaintiff was seen sitting on the lap of George F. Post in her room at the Smith Flats, under the pleadings in this case. Yager v. Bruce, 116 Mo. App. 473.

*Clay & Davis* for respondent.

(1) The court did not commit error in excluding evidence of specific acts of misconduct of plaintiff. Yager v. Yager, 116 Mo. App. 497; Wright v. Kansas City, 187 Mo. 693; State v. Rogers, 108 Mo. 204; State v. Gesel, 124 Mo. 535. (2) If the language used is slanderous the law in addition to presuming it to be false, also presumes that it was spoken maliciously. Israel v. Israel, 109 Mo. App. 373; Buckley v. Knapp, 48 Mo. 161; Callahan v. Ingram, 122 Mo. 369; Hall v. Adkins, 59 Mo. 144; Mitchell v. Bradstreet Co., 166 Mo. 241. (3) The law does not require proof of general damages other than proof of the speaking of the language charged to have been spoken, if the language used imputes that the plaintiff is not chaste. Hudson v. Garner, 22 Mo. 423; Hillebrand v. Dreinhoefer, 13 Mo. App. 586; Brown v. Wintsch, 110 Mo. App. 274; McCloskey v. Pulitzer Pub. Co., 152 Mo. 347. (4) In order for a communication to be privileged it must be made in good faith and without actual malice. Newell's Slander and Libel (3 Ed.), sec. 5, page 390, sec. 9, page 391; Yeager v. Bruce, 116 Mo. App. 483; Minter v. Bradstreet Co., 174 Mo.444.

COX, J.—Action for slander. Plaintiff recovered a verdict for actual damages in the sum of eight hundred dollars, and defendant has appealed.

The petition charged defendant with having made various slanderous statements relating to plaintiff's character, but only two were submitted to the jury, to-wit: That defendant, in a conversation with one George Post, used the following language in relation to plaintiff. "You spent the night with Mrs. Rose," and that defendant had, in a conversation with one Andy McInturff, used the following language in relation to plaintiff: "Post spent the night with Mrs. Rose, and Mrs. Smith said she would make an affidavit to it." Defendant filed an answer in which he had admitted making both of these statements, but justified on the ground that they were privileged communications. During the trial defendant was permitted to amend his answer by striking out that part in which he had admitted making the statement to Post. After having withdrawn this part of his answer the plaintiff offered the withdrawn portion in evidence before the jury as an admission on the part of defendant.

Defendant, in his motion for new trial, assigned twenty-four errors committed by the trial court, all of which we cannot notice in detail, but will consider only those which we deem material as appears from the record in this case.

The petition alleged that defendant meant by the language used to charge her with having had illicit sexual intercourse with one George Post. When the case went to the jury defendant was in the position of having admitted using the language the petition charged he had used in the presence of witness McInturff, and his only defense to it was that under the circumstances the communication was privileged.

Privileged communications are of two characters— absolute and qualified. A qualified privilege extends to all communications made bona fide upon any subject-

matter in which the party communicating has an interest, or in reference to which he owes a duty to a person having a corresponding interest or duty; and to cases where the duty is not a legal one but where it is of a moral or social character of imperfect obligation. [Finley v. Steele, 159 Mo. 299, 60 S. W. 108; Holmes v. Royal Fraternal Union, 222 Mo. 556, 568, 121 S. W. 100.] If the communication was privileged in this case at all it was only a qualified privilege. Defendant, in order to bring himself within the rule applied to a qualified privileged communication, testified that he was postmaster at Webb City and that Post came to Webb City a stranger to clerk in the postoffice, and was desirous of finding a place to room, and in order to accommodate him, defendant had taken him to witness McInturff's and introduced him to McInturff and recommended him as being a proper person to whom McInturff might let a room, and that Post was a gentleman and would be a proper person for McInturff to permit to associate with his family. That while Post was occupying a room at McInturff's home defendant had been informed by Mrs. Smith, who kept a rooming house in the city, and in whose house the plaintiff had roomed, that Post had spent the night with the plaintiff in her room in the rooming house of Mrs. Smith, and that he thought it was his duty to inform McInturff how Post was conducting himself by reason of the fact that he had been instrumental in Post securing a room at the home of McInturff, and in discharge of that duty he had made the statement to McInturff which the petition charged that he did make.

Defendant contends that under this testimony it was the duty of the court to instruct the jury that if they should believe from the evidence that defendant made the statements charged under such circumstances that it was a privileged communication, and the issues should be found for defendant. The court did not give the instruction as asked but did give it as asked except

Rose v. Tholborn.

that it added to it the following: "Unless you find that defendant spoke such words with actual malice," and defendant now contends that the addition of these words constituted error. We do not think so. If the words spoken were spoken under the circumstances detailed in the instruction, and as above indicated, they were privileged, provided they were spoken in good faith and under a sense of duty which defendant felt that he owed to McInturff to give him information in relation to the conduct of Post; but it was not an absolute privileged communication, and was only a privileged communication if spoken in good faith and from a sense of duty, and if it was spoken with actual malice it was not a privileged communication. Even though circumstances may exist which would justify a person in making a statement to another which would rob it of its slanderous character which it would otherwise possess, yet if the party making these statements does not make it from a sense of duty and in good faith but makes it from a malicious motive and from a feeling of personal ill will, or with a desire to injure the person about whom the language is used, then the rule that the communication was privileged cannot apply, and defendant must be held liable for his language. [Finley v. Steele, 159 Mo. 299, 60 S. W. 108; Minter v. Bradstreet Co., 174 Mo. 444, 73 S. W. 668; Holmes v. Royal Fraternal Union, 222 Mo. 556, 121 S. W. 100; Yager v. Bruce, 116 Mo. App. 473, 93 S. W. 307.]

The evidence discloses that Post went East upon a vacation and that while he was gone the plaintiff moved into the room formerly occupied by Post at the home of McInturff, and while McInturff was testifying as a witness he was permitted to testify that defendant at one time in a conversation with him used the following language in relation to plaintiff: "Is that Rose woman rooming at your house?" If she is you had better investigate her character." It is contended by defendant that the admission of this testimony was error for

the reason that plaintiff did not charge in her petition that defendant had used this language in relation to her. It is true the petition does not charge the use of this language, but that does not render it inadmissible. It was admissible as tending to show express or actual malice on the part of defendant toward the plaintiff.

Defendant offered to show by witnesses that the plaintiff had been seen sitting on the lap of Post in her room. Upon objection of plaintiff this testimony was excluded, and defendant now insists that error was committed in that respect. It was not permissible for defendant to attack the reputation or character of plaintiff by undertaking to show specific acts of immorality, and the court rightly excluded the offered testimony. [Yager v. Bruce, 116 Mo. App. 473, 93 S. W. 307; Shaefer v. The Railroad, 98 Mo. App. 445, 454, 72 S. W. 154; State v. Gesell, 124 Mo. 531, 27 S. W. 1101; Wright v. Kansas City, 187 Mo. 678, 693, 86 S. W. 452.]

Defendant's counsel contends in his brief that the court erred in submitting to the jury the charge in the petition that defendant had said of the plaintiff "Post spent the night with Mrs. Rose," on the ground that there was no evidence that defendant used this language. Why this contention should be made we are at a loss to understand for defendant expressly admitted in the answer that he did make that statement, and besides, McInturff testified that defendant did use that language concerning the plaintiff.

Defendant objected to all the instructions given on behalf of plaintiff and excepted to the refusal of all asked by defendant which were not given. The instructions are too numerous and too voluminous to discuss in detail, but in a general way they properly defined to the jury what is a privileged communication as applied to this case, and told the jury that if defendant used the language charged against him in good faith and under a sense of duty which he felt that he owed

to the party to whom he was making the statement, then the statement was privileged, and the issues should be found for defendant; but if he did not make the statement under a sense of duty, but made it with actual malice then the communication was not privileged, and if the jury should believe that the language used was calculated to and did convey to the minds of his hearers the meaning that defendant was charging plaintiff with having had illicit sexual intercourse with one Post, then the issues should be found for plaintiff. As applied to the testimony in this case this was a correct declaration of the law; the evidence warranted it, the jury has found for plaintiff and their verdict is binding upon us.

Defendant also contends that the verdict should have been set aside by reason of the conduct of one member of the jury. It appears from the affidavits filed in support of a motion for a new trial that the case was closed and was ready to submit to the jury at about ten o'clock p. m. and that one of the jurors, after being released for the night, walked home with a lady who had been subpoenaed as a witness for plaintiff and who was a friend of the plaintiff. That the juror and the witness had been seen in a whispered conversation before leaving the court house. Affidavits were also filed sworn to by the juror and the lady whom he had accompanied home in which they both stated that the case was in no way mentioned during their conversation. The court having overruled the motion for new trial must have been satisfied from these affidavits that nothing improper occurred and that the juror was in no way influenced by his association with this woman. We see no reason for interfering with the judgment of the court on that question. The judgment will be affirmed. All concur.