GEORGE IRESON, RESPONDENT, v. GEORGE CUNNINGHAM, APPELLANT.

Argued March 6, 1917—Decided March 6, 1917.

On appeal from the Cumberland County Circuit Court.

For the appellant, *Henry S. Alvord.*

For the respondent, *S. Webster Hurd* and *Royal P. Tuller.*

PER CURIAM.

Plaintiff brought suit to recover damages for injuries sustained by reason of a head-on collision, in a public highway, of an automobile driven by the defendant and a horse and wagon driven by the plaintiff. The plaintiff was driving his vehicle without a light and the defendant was driving his automobile with lights, the time being seven P. M. of March 19th, 1914, on which day the sun set at six-eleven P. M.   The

statute required plaintiff to carry a light on his wagon from one-half hour after sunset.

The jury returned a verdict for the plaintiff. The judgment entered on the verdict has been brought to this court by appeal. The questions presented by the grounds of appeal are the propriety of a denial of motions to nonsuit and to direct a verdict for defendant, and also objections to the charge of the trial judge in certain respects.

Testimony offered by the plaintiff established that the collision occurred in a roadway wide enough for two vehicles to pass, and that the plaintiff was as far over on the right-hand side as he could get at the time he was run into; that as the automobile approached it wobbled or zigzagged in the road and plaintiff shouted to warn the driver of his presence before the horse was struck; that the time was one of sufficient light to see a wagon or a machine several hundred feet away; that the horse of the plaintiff had to be killed as a result of the injury; that the wagon was somewhat broken and that plaintiff suffered injury.

The testimony justified the jury in believing that the defendant, in violation of the law of the road, failed to turn to the right in order to allow the plaintiff to pass him when they met in the highway. And the jury was justified in believing it was light enough for the defendant to see the plaintiff and that it was his duty to turn out for him; and if, on the contrary, it was too dark for him to see, they could find that it was his duty to be on the right-hand side of the road in the direction in which he was going, so as not to take the chance of running into anyone approaching him from the opposite direction.

Although the plaintiff was driving without a light on his wagon, in violation of the statute, that fact does not operate to prevent his recovery if the defendant could see him, and, if he could, the unlawful act of the plaintiff in no way contributed to the accident. The testimony was certainly susceptible of the construction that the defendant either saw, or by the exercise of due care, could have seen the plaintiff.

The defendant urged before the trial court, and argues here, that the plaintiff was guilty of contributory negligence. If contributory negligence was present in the case, the facts from which it was to be deduced were in dispute, and it was, therefore, a jury, and not a court, question.

The defendant excepted to the charge of the court in several respects, but argues them very meagrely and without citation of any authority. We have examined them and find they are entirely without substance.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAY-LOR, GARDNER, JJ.   15.

*For reversal*—None.