ANNA WELLER, APPELLANT, v. EMMA PROVOW, RESPONDENT.*

In the Springfield Court of Appeals. Opinion filed January 7, 1927.

1.—Libel and Slander—Evidence—Evidence Held Not Admissible under Pleadings. In action for slander based on defendant's statement that she had seen plaintiff sitting on a certain man's lap and that plaintiff ''is a mean woman,'' in which defendant pleaded the truth of the statement and claimed to have seen with her own eyes the acts stated, and pleaded in mitigation current rumors that plaintiff and such man ''were very affectionate and attentive to each other,'' without setting out specific acts of misconduct, evidence of specific acts was not admissible.

2.—Same—Statement Held to Import Want of Chastity. Defendant's statement that she saw plaintiff sitting on certain man's lap ''with her arms around his neck, when she saw me she jumped about ten feet, and he jumped about that far the other way,'' held to import that plaintiff was unchaste and immoral.

3.—Same—Reputation in Issue—Could be Proved under General Issue. Plaintiff, by bringing action for slander based on statement importing lack

of virtue and chastity, put in issue her general reputation for virtue and chastity, and such reputation, if bad, could be proved by defendant under the general issue in mitigation of damages.

---

*Corpus Juris-Cyc. References: Libel and Slander, 36CJ, p. 1177, n. 38; 37CJ, p. 59, n. 82; p. 86, n. 49, 58.

Appeal from the Circuit Court of Howell County.—Hon. E. P. Dorris, Judge.

REVERSED AND REMANDED.

*J. P. Swaim* for appellant.

(1) The court erred in refusing to strike out the last paragraph of defendant's answer. "It was current and the general rumor," etc. The sole purpose of this statement in the answer seems to have been an effort to place in evidence the specific acts of alleged indiscretion complained of in the next paragraph, and the authorities cited thereunder fully cover this assignment. (2) The court erred in the admission of evidence of specific acts, and in the proof of facts of which defendant had no knowledge at the time she spoke the alleged slanderous words. This error applies to the testimony of all the witnesses offered by defendant. "Defendant cannot show good faith or good intent in order to mitigate damages, by proof of facts of which the slandered had no knowledge at the time of the slander." DeVan Rose v. Tholborn, 153 Mo. App. 408, 134 S. W. 1093; Van-Loon v. VanLoon, 159 Mo. App. 255, 140 S. W. 632. "It is not permissible for defendant to attack the reputation or character of plaintiff by undertaking to show specific acts of immorality." "The only evidence admissible on either side is general reputation." De-Van Rose v. Tholborn, 153 Mo. App. 408, 134 S. W. 1093; Vanloon v. Vanloon, 159 Mo. App. 255; Crandall v. Greeves, 181 Mo. App. 235, 168 S. W. 264. (3) The court erred in rejecting competent, relevant and material evidence offered for plaintiff. It is elementary that after one witness has testified to a conversation with another, the witness with whom the conversation was claimed to have been had should be permitted to explain fully every statement he is charged with having made. (4) The court erred in giving each and every instruction given at the request of defendant. Instruction No. 1 is confusing in its terms, and seems to instruct the jury that if they find that that part of the alleged slander admitted is true, their verdict should be for the defendant. "The charges were related and cumulative." Connell v. A. C. L. Naase & Sons Fish Co., 302 Mo. 48, 257 S. W. 760. Defendant must prove truth of all material statements made. Rail v. National Newspaper Assn., 198 Mo. App. 463, 192 S. W. 129. Instruction No. 2 read in connection with No. 1

contains the same vice. No. 1 admits the speaking of certain words. No. 2 tells the jury that if they find "that the statements made by defendant concerning the plaintiff were true," etc. What statements, those admitted by defendant or those alleged by plaintiff to have been made by her? Defendant must prove the truth of all the statements made. Rail v. National Newspaper Assn., 198 Mo. App. 463, 192 S. W. 129. Instruction No. 3, in direct conflict with the two preceding instructions, tells the jury, "the burden of making out a case in this case is upon the plaintiff, and unless you believe and find from the preponderance of the evidence that plaintiff has so made out her case, your verdict should be for the defendant." "Making out her case," and "has so made out her case." (a) The jury should have been more clearly instructed. Myers v. City of Independence, 189 S. W. 816. (b) It clearly ignores the admissions of defendant, and, also, relieved defendant of the burden of proving her affirmative defense. "It was improper to instruct in effect that the burden was on plaintiff to prove facts conceded by defendant." Sexton v. Lockwood, 207 S. W., 856; Weidemeyer v. Woodrum, 168 Mo. App. 716, 154 S. W. 894. The burden of proving justification or the truth of the words charged was on plaintiff. Allen v. Edward Light Co., 209 Mo. App. 165, 233 S. W. 953; 25 Cyc. 413. Falsity of all defamatory words is presumed in plaintiff's favor. Rail v. National Newspaper Assn., 198 Mo. App. 463, 192 S. W. 129. Instruction No. 4, as asked by defendant, instructed the jury that they were the sole judges of the law and the evidence. The court modified it to read as shown in the record. "The constitution makes no reference to slander cases. This was misleading." Art. 2, sec. 14, Constitution of Missouri; Hickman v. Nelson, 211 S. W. 131, and cases therein cited.

*B. L. Rinehart* and *Green, Green & Green* for respondent.

(1) In actions of slander the defendant may in her answer allege both the truth of the matter charged as defamatory and any mitigating circumstances admissible in evidence to reduce the amount of damages; and may give in evidence any mitigating circumstances. Sec. 1264, R. S. 1919. (2) The courts of this State hold that the defendant in a slander suit may plead mitigating circumstances as well as the general gossip, rumor and specific act. Nelson v. Wallace, 48 Mo. App. 193; Arnold v. Jewett, 125 Mo. 251; Yeager v. Bruce, 116 Mo. App. 494; Radford v. Horton, 207 Mo. App. 612; Hess v. Gansz, 90 Mo. App. 440. (3) It is elementary that where in a slander case a general charge of immorality or of misconduct is made by defendant any proof sustaining such charge is admissible in evidence. The court properly instructed the jury as to the pur-

pose for which the testimony of said witnesses in regard to the rumors and specific acts was admissible, as shown by plaintiff's instruction No. 10, which states that it should only be considered by the jury in mitigation of damages and to affect the credibility of the witnesses in the case. (4) Where plaintiff in the trial of the case and in the instructions to the jury, asked by her and given by the court assumed the burden of proof, the Court of Appeals is disposed to follow and be governed by the same theory as was followed by the plaintiff in the trial of said cause. Bellew v. Thompson, 259 S. W. 856. (5) A party trying the issues on one theory in the trial court cannot have the Court of Appeals review the case on a different theory. Novelty Mfg. Co. v. Pratt, 21 Mo. App. 171; Vaughn v. Fisher, 32 Mo. App. 29; Meyer Brothers Drug Co. v. Bybee, 179 Mo. 354. (6) A judgment will not be reversed because the case was tried on an erroneous theory where the theory was submitted both by defendant and plaintiff. Bettes v. Magoon, 85 Mo. 580; Miller v. Harpster, 273 Mo. 614; Gordon v. Park, 219 Mo. 612. (7) An appellate court will raise every reasonable presumption to sustain the judgment of the circuit court. Stuart v. Small, 5 Mo. 525. (8) An appellant is bound to show by the record that error has been committed and where the record is susceptible of two interpretations, that will be given which will sustain the judgment of the inferior court. St. Louis Insurance Co. v. Cohen, 9 Mo. 421, 10 Mo. 141. (9) On appeal the presumption is in favor of the judgment and it must stand unless it affirmatively appears that the judgment cannot be justified on any ground. Rucker v. Eddings, 7 Mo. 115. (10) Where a witness has been cross-examined as to whether at a certain time and place he had a conversation with another as to certain matters, which is denied, and thereafter another was called to testify that he did make such statement, the matter was closed, and permitting witness to be recalled to testify and explain conversation is improper. Diel v. Green Fire Brick Co., 253 S. W. 985. (11) On cross-examination a witness may be asked any question which will test his accuracy or veracity, however, irrelevant the question may be to the facts in issue. State v. Davis, 284 Mo. 704. (12) The absence of the judge during trial should in no case operate as a grounds for reversal where it affirmatively appears that no prejudice resulted. Putnam v. Boyer, 173 Mo. App. 402; 38 Cyc. 1297; 21 Ency. Pleading and Practice, 977.

BRADLEY, J.—This cause is for an alleged slander. Verdict went for defendant and plaintiff appealed.

The slander charged is as follows: "I went to Hampton & Weller's store and saw Miss Anna Weller sitting on John Burrell's lap with her arms around his neck. When she saw me she jumped about ten

feet, and he jumped about that far the other way. I like Mrs. Hampton and think she is a lady, but Anna Weller is a mean woman."

The answer admitted the use of the alleged slanderous language except the expression, "Anna Weller is a mean woman," and pleaded the truth of the language admitted to have been used. The answer also denies that the language used was spoken with malice and pleads in mitigation current rumor to the effect that plaintiff and John Burrell "were very affectionate and attentive to each other." A reply put in issue the new matter pleaded in the answer.

Plaintiff's evidence tended to prove the falsity of the alleged slander and defendant's evidence tended to support the allegations in the answer.

Error is assigned (1) on the refusal to strike out that part of the answer pleading current rumor in mitigation; (2) on the admission of evidence as to specific acts of alleged wrongful conduct on the part of plaintiff; (3) on the rejection of evidence; (4) on the instructions; (5) on the argument of counsel; and (6) on the ground that the trial judge was absent for a time during the argument. The first and second assignments are so related that they may be considered together. Plaintiff contends that evidence of specific acts of alleged misconduct on her part admitted in mitigation as we understand the record was error and prejudicial. The answer does not plead that defendant at the time of the alleged slander had knowledge of specific acts, and no specific acts were pleaded. Evidence of specific acts, under the issues, was incompetent on any theory. [Rose v. Tholborn, 153 Mo. App. 408, l. c. 414, 134 S. W. 1093; Vanloon v. Vanloon, 159 Mo. App. 255, l. c. 273, 140 S. W. 631; Crandall v. Greeves, 181 Mo. App. 235, 243, 168 S. W. 264.] This is not a case where the defendant is relying upon a general rumor to partially justify the use of the slanderous language. Here defendant claims to have seen with her own eyes that which plaintiff says did not occur, and from what defendant says she saw she stated, according to plaintiff's evidence, that plaintiff was a bad woman. The import of the language uttered is that plaintiff was unchaste and immoral. There is no contention that such is not the import. Plaintiff by bringing her cause for redress of the alleged wrong put in issue her general reputation for virtue and chastity, and this reputation, if bad, could be proved by defendant under the general issue in mitigation of damages. [Yager v. Bruce, 116 Mo. App. 473, l. c. 495 et seq., 93 S. W. 307.] We find no case which supports the theory that idle rumor of, and general gossip of, specific acts may be shown for any purpose. It was not shown that defendant, at the time of the alleged slander, had any knowledge of any of the alleged specific acts offered in evidence and evidence of such acts, therefore, could

not be competent on any issue here involved.   Such is the law as we read it. .

No particular harm came to plaintiff because the motion to strike was overruled.   The harm, if any, came by the admission of evidence of specific acts on the issue of plaintiff's general reputation for virtue and chastity.   Such evidence was incompetent and prejudicial and should not have been admitted.

The assignment that error was committed by rejecting evidence relates to certain evidence sought to be offered by plaintiff in rebuttal.   If the cause is retried there will likely, be no occasion for such complaint as here presented, hence it would serve no useful purpose to deal further with this assignment.   Also the same may be said of defendant's Instructions 1 and 2.   These may be so framed as to leave no room for complaint as here made against them.   We do not deem it necessary to say more of the instructions.

It is not necessary to consider other assignments.   The judgment should be reversed and the cause remanded, and it is so ordered.

*Cox, P. J., and Bailey, J.,* concur.

### On Motion for Rehearing.

BRADLEY, J.—In the motion for rehearing able counsel vigorously urge that the evidence of specific facts and acts admitted in evidence was competent as tending to prove the truth of the alleged slander, and cite, in support of this contention, Nelson v. Wallace, 48 Mo. App. 193, and Hess v. Gansz, 90 Mo. App. 439.   In the Nelson case it was held that evidence that the slander sued for was only a repitition of a current report of long standing by which the plaintiff's general reputation had become impaired was competent in mitigation of compensatory damages.   It was ruled that such evidence was competent in mitigation of compensatory damages because "the injury to reputation forms one of the main elements of compensatory damages."   That was not a case involving the point here urged that evidence of other specific acts and facts is competent as tending to prove the truth of the alleged slander.

In Hess v. Gansz, the court, after reviewing the authorities said: "But we think it will appear, from the adjudicated cases which we have cited, that the great preponderance of authority is to the effect that in actions of libel and slander, the defendant should be permitted to introduce evidence that the plaintiff's general reputation was bad, in reference to the matters wherein he alleges he is libeled or slandered; and that general rumors, or general report or suspicion of the truth of the libel or slander charged, may be given in evidence by the defendant in mitigation of the damages.   And the reason for this is that the action is for injury to the position and standing of the plaintiff among his fellows, by the utterance or publication of

slanders tending to degrade him in their estimation and perhaps expose him to punishment; and the defendant may show that the plaintiff's general reputation is already bad, with a view of showing that no serious injury can have been inflicted upon him.''

We find nothing in the two cases above cited or any other to sustain the contention that evidence of specific acts, facts and circumstances pertaining to other indiscretions is competent to prove the truth of the slander charged. No matter how many acts of indiscretion may have been committed by plaintiff, evidence of such acts would not be competent to prove that she sat on Burrell's lap with her arms around his neck.   But it is argued that evidence of specific acts, facts and circumstances would be competent to prove that plaintiff was a ''mean woman.'' In Yager v. Bruce, 116 Mo. App. 473, 93 S. W. 307, cited in the original opinion, the slander charged was that the defendant had said that ''any man who voted for plaintiff would vote for a thief and further that plaintiff was a thief.'' There the defendant in his answer averred the truth of the charge, and in addition charged that plaintiff was guilty of two specific thefts.   It was there ruled that ''no proof of any specific theft was competent either to justify the speaking or mitigate the damages except those plead in the answer.''   Also it was ruled in Yager v. Bruce, that defendant had no right ''to prove specific dishonorable acts amounting to larceny.''   There is nothing pleaded in mitigation in the answer here that charges plaintiff with any specific offense.   If by her conduct plaintiff has established a bad reputation for virtue and chastity or as a mean woman such reputation may be proved in the usual way, but not by evidence of the specific facts and circumstances which caused the bad reputation.

It is also urged in the motion for rehearing that plaintiff is not in position to complain of the evidence of specific acts, facts and circumstances because timely objection was not made.   It is true that while plaintiff and Burrell, as her witness, were on the stand they were asked on cross-examination without objection relative to some matters incompetent, but we do not think that such, in the state of the record here, should be construed as a waiver of the right to object to any of the incompetent evidence, respecting specific acts, facts and circumstances, offered by defendant.

The motion for rehearing should be overruled and it is so ordered. *Cox, P. J.*, and *Bailey, J.*, concur.