ROSENTHAL DRY GOODS CO. v. HILLEBRANDT. (No. 1583.)

Court of Civil Appeals of Texas. Beaumont. Nov. 2, 1927.

Rehearing Denied Nov. 9, 1927.

1. Municipal corporations ⬅️➡️706(1) — Complaint alleging injury by truck while driving buggy on right side of street did not plead negligence in driving truck on wrong side.

Complaint alleging that plaintiff was struck by defendant's truck while driving horse and buggy on right-hand side of street, without pleading specially that driving of truck on wrong side of street was negligence and proximate cause of plaintiff's injury, did not plead such act as actionable negligence, but merely explained conditions surrounding accident.

2. Negligence ☞108(1)—Conditions of accident can constitute actionable negligence only by pleading facts showing negligence proximately causing injuries.

The conditions of an accident can constitute actionable negligence only by pleading facts showing that they were negligent and that such negligence was proximate cause of injuries complained of.

3. Municipal corporations ☞706(3)—Burden was on plaintiff, alleging injuries in collision with defendant's truck, to show defendant's negligence.

In action for injuries to driver of horse and buggy in collision with defendant's truck, burden was on plaintiff to show defendant's negligence.

4. Negligence ☞119(7)—Plaintiff cannot recover for negligence not alleged.

A plaintiff cannot recover for injuries sustained on grounds of negligence not alleged.

5. Appeal and error ☞1039(4)—Failure to allege actionable negligence in driving truck on wrong side of street held not reversible error, in view of findings supported by evidence that so driving without lights was negligence proximately causing injury.

Failure of complaint, in action for injuries to driver of horse and buggy in collision with defendant's truck, to allege actionable negligence in driving truck on wrong side of street held not to authorize reversal of judgment for plaintiff, in view of findings, supported by evidence, that so driving without lights was negligence proximately causing injuries.

6. Municipal corporations ☞706(6)—Negligence as to driver of buggy in driving truck without lights held for jury.

In action for injuries to driver of horse and buggy in collision with defendant's truck, evidence held sufficient to take to jury question of defendant's negligence in driving truck without lights.

7. Negligence ☞62(1)—Efficient cause of injury is "proximate cause," however, insignificant, if reasonably prudent man would have anticipated result.

When injury is result of series of concurring causes, proximate relation of one cause cannot be destroyed on ground that another was dominant; but efficient cause, without which injury would not have occurred, is "proximate cause," however insignificant, if reasonably prudent man would have anticipated result.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

8. Trial ☞234(7)—Submission of issue whether collision between plaintiff's buggy and defendant's truck was unavoidable accident held erroneous as putting burden of proof on defendant.

In action for injuries to driver of horse and buggy in collision with defendant's truck, charge submitting issue whether collision was result of unavoidable accident held erroneous as putting burden of proof on defendant.

9. Municipal corporations ☞706(3)—Burden was on plaintiff to show collision with defendant's truck was not unavoidable accident, but caused by defendant's negligence.

In action for injuries to driver of horse and buggy in collision with defendant's truck, burden of showing that accident was caused by defendant's negligence and was not unavoidable rested on plaintiff.

10. Appeal and error ☞1062(1)—Submission of issue whether collision between buggy and truck was unavoidable accident held not reversible error, in view of evidence of negligent operation of truck.

Giving of charge submitting issue whether collision between plaintiff's buggy and defendant's truck was result of unavoidable accident held not reversible error, in view of evidence of negligent operation of truck on wrong side of street without lights.

11. Municipal corporations ☞705(11)—Evidence of operation of truck on wrong side of street without lights held to exclude issue of unavoidable collision with buggy.

In action for injuries to driver of horse and buggy in collision with defendant's truck, evidence of operation of truck on wrong side of street without lights held to exclude issue of unavoidable accident.

12. Master and servant ☞330(2)—Generally, burden is on plaintiff to show party causing injury was acting within scope of duties as defendant's servant.

Generally, the burden is on plaintiff to show that party causing injury complained of was acting within scope of his duties as defendant's servant at time.

13. Master and servant ☞330(2)—Proof of ownership of automobile causing injuries and employment of driver shifts to owner burden of showing facts relieving him of liability.

When it is shown that defendant owned automobile causing injuries to plaintiff, and that party using it was in defendant's employ under duty generally as driver, burden of proving that latter was acting within scope of his duties as defendant's servant at time is fully met, and burden of procedure is then shifted to defendant to show state of facts relieving him of liability.

14. Municipal corporations ☞706(5)—Evidence held to sustain verdict that driver of buggy struck by truck was not contributorily negligent.

In action for injuries to driver of horse and buggy in collision with defendant's truck, being operated on dark night without lights on wrong side of street, evidence held sufficient to sustain verdict acquitting plaintiff of charge of contributory negligence.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Action by Eliza Hillebrandt against the Rosenthal Dry Goods Company. Judgment for plaintiff, and defendant appeals. Affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

C. A. Lord, of Beaumont, for appellant.

A. L. Shaw and Blain & Jones, all of Beaumont, for appellee.

WALKER, J. This was a suit by appellee against appellant for damages for personal injuries, resulting in a judgment in her favor for $5,000. She alleged that on or about the 16th day of October, 1920, while driving her horse and buggy down Highland avenue towards the business section of the city of Beaumont, one of appellant's trucks collided with her buggy, overturning it, and inflicting upon her serious bodily injuries. She further alleged that she was driving on the right-hand side of the street to the right of the middle, and was exercising due care for her own safety. She alleged nine specific acts of negligence against appellant, which are set out in her own language in our opinion upon the former appeal of this case (Rosenthal Dry Goods Co. v. Hillebrandt, 280 S. W. 882), to which we hereby refer and adopt as a part of our statement of the case. Upon this trial only two acts of negligence were submitted to the jury, (a) the driving of the truck on the wrong side of the street, and (b) the driving of the truck without lights. These issues were submitted separately, and each found by the jury to be negligence. The first was found to be *the* proximate cause of appellee's injuries, and the second was found to be *a* proximate cause.

[1-4] We sustain appellant's first proposition that the driving of the truck on the wrong side of the street was not pleaded by her as actionable negligence. She specially pleaded the nine acts as set out in our original opinion, but no one of these, by any construction however liberal, can involve the driving on the wrong side of the street as a proximate cause of her injuries. On oral submission she did not contend that this issue was involved in her nine specific allegations, but read to us and relied upon the introductory paragraphs of her petition, wherein she pleaded the conditions surrounding the accident. In stating the conditions of the accident, she pleaded facts showing that appellant's truck was on the wrong side of the street when it struck her buggy; that is, she pleaded she was on the right-hand side of the street, to the right of the center line, and while so driving was struck by appellant's truck. But she did not specially plead that the driving of the truck on that side was negligence and a proximate cause of her injury. This pleading was nothing more than an explanation of conditions surrounding the accident. The conditions of an accident can constitute actionable negligence only by pleading facts showing that such conditions were negligence, and that such negligence was a proximate cause of the injuries complained of. To show negligence was the burden assumed by her, and it is well settled that a plaintiff cannot recover upon grounds of negligence not alleged. We said this upon the former appeal, as it had already been said times without number.

[5-7] But this proposition does not constitute reversible error, since the judgment has full support in the finding that the driving of the truck without lights was negligence, and that such negligence was a proximate cause of appellee's injuries. Appellant attacks this finding of fact by saying it is without support in the evidence. The finding is supported. The evidence showed it was dark enough for appellee to carry a flash light in her left hand for her protection and that of the other users of the street. It is true that she said she saw appellant's truck 50 or 100 feet before it struck her, saw it was on the wrong side of the street, and had time to pull her horse as far to the right as he could go. But it was for the jury to say whether had the truck been lighted the driver could have seen and avoided striking her, or whether had the lights been burning on the truck she could have seen it in time to take other steps for her protection. Under the facts, negligence in driving the truck without lights was clearly an issue for the jury. But even if negligence, appellant says it could not, in law, be a proximate cause of the injuries complained of. Its proposition on this point is:

"Under the facts of this case, it is not possible for two proximate causes to exist, since the existence of one dominant cause precludes the other question, in so far as the term 'proximate cause' is concerned."

When an injury is the result of a series of concurring causes, we do not understand that the proximate relation of one of the causes can be destroyed on the ground that another of the series is *dominant*. The law is that no matter how insignificant the cause may be in contrast with other concurring causes, if it is an efficient cause contributing to the injury, and if without its operation the injury would not have occurred, and if a reasonably prudent man, in view of the facts, would have anticipated the result, it is a proximate cause. There may be one or several contributing causes to an injury. Where several causes are pleaded as proximate causes, plaintiff has established a cause of action as to each cause pleaded, when the proof shows it contributed to the injury, and without its operation the injury would not have occurred, and its consequences ought to have been foreseen. Great West Mill & Elevator Co. v. Hess (Tex. Civ. App.) 281 S. W. 238; Railway Co. v. Wilkes (Tex. Civ. App.) 159 S. W. 126.

[8-11] The trial court made the following submission of the issue of "unavoidable accident":

"Do you find from a preponderance of the evidence in this case that the collision of two vehicles in this case was the result of an unavoidable accident?"

—to which the jury answered "No." This charge was error, in that it put the burden of proof upon appellant. The burden to show that the accident was caused by appellant's negligence, and not as a result of an unavoidable accident, rested upon appellee. Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534. But the giving of this charge was not reversible error, since the issue was not in the case. To restate the facts: On the evening of the 16th of October, 1920, appellee was driving her horse and buggy down Highland avenue towards the business section of the city of Beaumont. It was dark. She had a flash light in her left hand, holding it high enough to throw the light beyond her horse's head, thereby affording protection both to her and other users of the street. She was driving in a fast trot on the· right-hand side of the street, to the right of the center. She had passed two or three cars without lights, and her horse required care to keep him on the right side of the street. While thus driving she saw appellee's truck approaching about 50 or 100 feet away, without lights, and on the wrong side of the street. To avoid the truck she pulled her horse as far to the right as possible, but the truck continued on the wrong side of the street at a speed slightly faster than that of her horse, striking her buggy, turning it over, and inflicting upon her the injuries sued for. It requires no analysis of these facts to sustain this conclusion, in view of the principle announced in Traction Co. v. Craig (Tex. Civ. App.) 250 S. W. 733, and followed by us in Eastern Texas Electric Co. v. Hunsucker (Tex. Civ. App.) 280 S. W. 887, and Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1112.

[12, 13] The proof showed that the truck bore appellant's name, and immediately after the accident the driver was standing on the ground near the truck. Under circumstances constituting a part of the res gestæ, he said he· was delivering a package. Mr. Rosenthal testified that complaint was made to him, and the next morning after the accident he examined the truck and found the lights all right and no indication of a collision. He said he had a negro boy driving this truck, whose duties were to deliver packages. This boy died previous to the trial of this case. The following proposition from Wright v. Maddox (Tex. Civ. App.) 288 S. W. 560, sustains the jury's verdict:

"The general rule is that the burden of proof is on the plaintiff to show that the party causing the injury was at the time acting within the scope of his duties as servant of the defendant.

"When, however, it is shown that defendant owned the automobile, and the party using it was in his employ under duties generally as driver, this burden has been fully met, and the burden of procedure, as it is sometimes called, is then shifted to defendant to show a state of facts which would relieve him of liability. Stu-

debaker v. Kitts (Tex. Civ. App.) 152 S. W. 464 (writ of error denied); Floral Co. v. Sheridan (Tex. Civ. App.) 245 S. W. 467."

[14] The statement we have made· of the facts shows that the issue was raised in appellee's favor that she was not guilty of contributory negligence, and the facts are sufficient to sustain the verdict of the jury acquitting her of this charge.

Finding no errors in the trial of the case, the judgment of the trial court is affirmed.