**D. & .H. TRUCK LINE et al. v. HOPSON et al.
(No. 2130.)**

Court of Civil Appeals of Texas. El Paso.
March 22, 1928.

Rehearing Denied April 12, 1928.

1. **Automobiles** ⟨⟩245(88)—**Occupant asleep when automobile collided with truck parked near road without lights held not guilty of contributory negligence, as matter of law, for failure to warn driver.**

In action for injuries to occupant and driver of car colliding with truck parked on highway at night without lights, occupant of the automobile *held* not guilty of contributory negligence, as matter of law, in going ·to sleep and failing to warn driver of the existence of the parked truck on or near the road.

2. **Trial** ⟨⟩350(7)—**Special issue whether driver, after discovering parked truck, negligently failed to turn out sufficiently to pass held properly refused as mixing evidentiary and ultimate issues.**

Requested special issue in action for injuries resulting from collision with unlighted truck on highway, which submitted question whether driver of automobile negligently failed to turn out a sufficient distance to pass the truck, *held* properly refused as confusing on account of combination of evidentiary and ultimate issues.

3. **Trial** ⟨⟩350(7)—**Evidence held insufficient to raise issue whether automobile driver's negligence was sole cause of collision with unlighted truck, parked on highway.**

In action for injuries resulting from collision between automobile and truck parked on or near highway at night without lights, evidence raised no issue as to ·whether alleged negligence of driver of automobile in failing to turn out was sole cause of collision, though driver admitted having seen truck some distance ahead.

4. **Trial** ⟨⟩351(5)—**Refusal of requested special issues, sufficiently covered by issues submitted, is not error.**

Refusal of requested issues presents no error where matters to which they relate are sufficiently covered by issues in fact submitted to the jury.

5. **Automobiles** ⟨⟩244(36)—**Finding that negligent parking of truck near road without lights proximately caused collision held sustained by evidence.**

In action for injuries resulting from collision between automobile and truck parked at night without lights with rear end projecting over into traveled portion of highway, jury's finding that defendant's employee's negligence in leaving truck parked without lights was proximate cause of injury *held* supported by evidence.

6. **Automobiles** ⟨⟩201(5)—**Negligence of defendant's employee in permitting parked truck and timber thereon to protrude over traveled portion of highway supported recovery for injuries from collision.**

Where defendant's employee negligently permitted truck and timber thereon to protrude over the traveled portion of the highway on parking truck, such negligence was proximate cause of collision, rendering defendant liable, irrespective of question of employee's negligence in leaving truck without lights.

7. **Damages** ⟨⟩216(8)—**Submission in charge upon measure of damages of evidence of impairment of injured plaintiff's working capacity held not error.**

Where evidence in action for injuries raised question of plaintiff's impaired working capacity, submission of such matter in charge upon measure of damages was not error.

─────────

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Appeal and error** ⊂⇒**232(3)—Objection to court's charge, not raised in trial court, cannot be considered on appeal.**

Objection to court's charge, not made in trial court, cannot be considered on appeal, where raised on appeal for the first time.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Action by Ella Mae Hopson and another against the D. & H. Truck Line and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

E. L. Early and Wm. H. Russell, both of San Antonio, for appellants.

Randolph L. Carter, Perry J. Lewis, H. C. Carter, and Champe G. Carter, all of San Antonio, for appellees.

HIGGINS, J. On the night of July 17, 1926, appellee Ella Mae Hopson, a girl 16 years old, and her father, W. B. Hopson, were riding as invited guests in a car owned and driven by W. H. Vinson, a young man 18 years old. They were going from Devine to Asherton where they all lived. Matthew Lavalle was also riding in the car. About midnight the car collided with the rear of a loaded truck owned and operated by appellants which was parked upon the highway without lights. The driver of the truck was appellants' employee. He had parked the car and gone to sleep in the cab of the truck. It was a short distance from Big Wells, and the driver had stopped for the night as he had deliveries to make in Big Wells the next morning. Lavalle and Miss Hopson were asleep at the time the collision occurred. The latter was seriously injured and sued appellants, by her father as next friend, to recover the damages sustained. The father also sued to recover the damages sustained by him as the result of his daughter's injuries.

The graveled portion of the highway, at the place of the accident was 16 or 18 feet wide. The left wheels of the truck, according to the driver's own testimony, testifying for appellants, extended at least 3 feet over upon the graveled portion of the highway and were in the travel lane upon that side of the road. He also admitted the truck was parked at a slight angle so that its rear extended more into the lane of travel than the front end. It was also shown that upon the left side of the truck there was a 4x6 timber about 10 feet long, extending several feet beyond the rear of the truck. To the end of this timber a red rag was tied.

It is not made clear by the evidence whether Vinson's car first struck the end of this timber or the body of the truck. In either event Vinson's car failed to clear the obstruction by just a few inches.

The case was submitted upon special issues as follows:

"(1) Did the defendant's employee in charge of the truck cause or permit said truck to stand on the public highway without any lights?

"(2) If you answer 'Yes' to question No. 1, then did this constitute negligence under all the facts and circumstances surrounding the case?

"(3) If you answer 'Yes' to question No. 2, then did such negligence directly cause or contribute to the collision and any injuries to the plaintiff shown by the evidence?

"(4) Did the defendant's employee in charge of the truck permit it to stand so that a portion of the truck or the lumber loaded thereon protruded over the traveled portion of the highway?

"(5) If you answer 'Yes' to question No. 4, then did this constitute negligence, under all the facts and circumstances surrounding the case?

"(6) If you answer 'Yes' to question No. 5, then did such negligence directly cause or contribute to the collision and any injuries to the plaintiff shown by the evidence?

"(7) Was the plaintiff Ella Mae Hopson negligent in going to sleep and abandoning the exercise of her own faculties and trusting to Vinson the operation of the Ford car, under all the facts and circumstances surrounding the case?

"(8) If you answered 'Yes' to question No. 7, then did such negligence cause or contribute to the plaintiff's injuries?

"(9) Was the plaintiff Ella Mae Hopson negligent, under all the facts and circumstances, in continuing to ride in the Ford in the position she was in while Vinson operated the car with two other persons occupying the driver's seat with him?

"(10) If you answer 'Yes' to question No. 9, then did such negligence cause or contribute to the plaintiff's injuries?

"(11) Was Vinson, at or prior to the time of the collision, in such physical condition as to render him unfit to operate his Ford car with ordinary care?

"(12) If you answer 'Yes' to question No. 11, then did the plaintiff know of such condition of Vinson, or should she have known of it by the exercise of ordinary care?

"(13) If you answer 'Yes' to question No. 12, was the plaintiff negligent in continuing to ride in the Ford while operated by Vinson?

"(14) If you answered 'Yes' to question No. 13, then did such negligence cause or contribute to plaintiff's injuries?

"(15) Was the accident an unavoidable accident?"

The first six questions were answered in the affirmative; the others in the negative. In response to questions 16 and 17, Miss Hopson's damages were assessed at $6,000, the father's at $500, for which amounts judgment was rendered in their respective favors.

Appellants submit a very lengthy brief containing many assignments of error and supporting propositions. To discuss these numerous assignments and propositions in detail and at length would prolong this opinion beyond all reasonable bounds, and it is unneces-

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sary to do so for the case presents no unusual complication of law or fact.

We shall briefly state our conclusions controlling the various questions presented.

[1] The contention that Miss Hopson, as a matter of law, was guilty of contributory negligence in going to sleep and failing to maintain a lookout and warn the driver, Vinson, of the parked truck is overruled. McAndrews v. Leonard (Vt.) 134 A. 710; Weidlich v. Railway Co., 93 Conn. 438, 106 A. 323.

Upon one sheet of paper appellants requested the submission of six questions. The first is typical of them all and reads:

"Did Vinson, after he discovered defendants' truck, negligently fail to turn out a sufficient distance to pass such truck without colliding therewith?"

Following the last is this further question:

"If you have answered any of the foregoing questions, Nos. (a) to (g), 'Yes,' then answer: "Was such negligence of Vinson the sole cause of the collision of the Ford car with the Chevrolet truck?"

[2, 3] The first question is improper, confusing, and misleading by combining the evidentiary issue of whether Vinson failed to turn out and the ultimate issue of whether such failure was negligence. This alone justified refusal to submit the same. Furthermore, for the reason shown later in the discussion of propositions 11 and 12, we do not regard the evidence as raising an issue as to any act of Vinson's being the sole cause of the collision.

[4] Propositions 3 to 10, inclusive, are based upon the refusal of various requested issues relating to alleged contributory negligence on Miss Hopson's part. The refusal of these issues presents no error because the defensive issues to which they relate were sufficiently covered by the issues in fact submitted to the jury.

[5] Under propositions 11 and 12, appellants say the finding that leaving the truck parked as it was, without lights, was the proximate cause of the injury is without evidence to support it. This contention is based upon the testimony of Vinson that he saw the truck 50 yards ahead before he struck it; wherefore it is argued, Vinson had ample time to stop his car or turn to the left so as to avoid striking the truck.

In this connection appellants cite collision cases where the defendant's car being operated without lights, but according to the plaintiff's evidence he nevertheless saw the unlighted car in time to have avoided striking same. In such cases it was held that the failure to have the car lighted was not the proximate cause of the collision. Cothran v. Cleenewerck, 235 Mich. 351, 209 N. W. 132; Graham v. Hagmann, 270 Ill. 252, 110 N. E. 337; Ireson v. Cunningham, 90 N. J. Law,

690, 101 A. 49; Hughes v. Luther, 189 N. C. 841, 128 S. E. 149; San Antonio, M. & S. Co. v. McKinley (Tex. Civ. App.) 239 S. W. 341.

The theory of these cases is that, because the plaintiff saw the unlighted car in ample time to avoid striking same, there was no causal connection between the negligent operation of the car without lights and the collision. But these rulings have no application to the evidence in the present case.

Vinson testified:

"I first noticed what I took to be the cab of the truck about 50 yards from the truck. I had no indication at that time that any portion of the truck, or any portion of the load on the truck, was extending over into the highway so as to come in contact with my car. I was keeping a lookout on that occasion, I was looking where I was going. I was looking forward. When I first saw this object, I didn't know what it was: I just saw an object over there. I was traveling about 30 miles an hour. The next thing I knew after I saw this object about 50 yards away was the crash. I did not see the rear end of the truck, or any portion of it before I struck it. * * * From what I had seen of the truck I did not see anything that led me to believe, or indicate, that I was going to strike any part of the truck, or its load. I was right in the traveled track, the beaten part of the road at the time of the collision, driving about 30 miles an hour. * * * My testimony is that I first saw this truck about 50 yards before I hit it. I saw it outlined against the sky. I think the truck was right over a little hill. I saw it by reason of it being outlined against the sky, and not by reason of my lights. * * * I saw the truck outlined against the sky 50 yards before I hit it. I did not see the truck again between that point and when I hit it. I had seen it outlined against the sky, I had not seen it by my lights. I was looking forward, I wasn't looking at the truck, I was looking straight down the road. I claim the truck was in my road, and that I hit it because it was in my road. I say I was looking down the road and didn't see the truck. I didn't see the truck even when we hit it; the first thing I knew was the crash."

From this testimony it is plain that if the truck had been properly lighted in the rear the light would have been calculated to make it possible for Vinson to see how far it protruded over the roadway and to show the nature of the load on the truck, including the protruding timber. It is difficult to imagine a clearer case where lights would have prevented a disastrous collision. It must be remembered the evidence shows that all of the truck except the cab was covered with a dirty gray tarpaulin, covered with dust, which made it very difficult to see in moonlight; and the evidence further showed that, instead of helping matters, the moonlight actually made it more difficult for Vinson to discern objects with his own lights. Several witnesses testified to this fact without dispute.

Here Vinson only saw a dim outline of a bulk to the right of the road which did not even appear to be a truck, and which was

ascertained after the collision to be the high cab of the truck. A light on the rear end of this truck would have disclosed the danger that was not disclosed otherwise. Or a light or lantern upon the protruding timber would certainly have assisted in the discovery of the dangerous situation. If the protruding timber was in such a position and so danger-out and difficult to see that it required the hanging of a red flag thereon so that it would be observed by day, as appellants' driver testified, it was certainly more dangerous and difficult to see by night, and its presence should have been pointed out by lights of some kind. In the case of Roper v. Green-spon, 272 Mo. 288, 198 S. W. 1107, L. R. A. 1918D, 126, where an automobile driver saw the outline of a wagon, yet collided with beams protruding from the rear of the wagon, the court held that an ordinance only requiring a light at the front of the truck was admissible, as the failure to have a light even in that position could be the proximate cause of the collision. The court said:

"It is true that he did see the wagon (in dim outline), as can be inferred from his testimony, yet he says that he did not see the iron beams thereon. It is also true, as suggested by our Brothers, that a lantern placed on the front portion of this load, so as to be visible both from front and rear, would be a compliance with the ordinance, but it does not follow from this that the jury could not conclude, from all the facts that the absence of this light (even on the front end of the load) was the cause of the injury. Such a light, so located, might have and no doubt would have, indicated to plaintiff the true character of the load on the wagon. A glance at such beams would or might have indicated to him that they were liable to extend beyond the rear wheel, although it be granted that the light on the front end of the load might not have so lighted the protruding ends of the beams as to make them visible. In other words, this light would have shown the character of the load on the wagon, and with a knowledge that the wagon was so loaded, might have indicated to plaintiff that the beams protruded beyond the rear wheels."

See, also, Horton v. Benson (Tex. Civ. App.) 266 S. W. 213; Stowers Furniture Co. v. Bichon (Tex. Civ. App.) 254 S. W. 607; Rosenthal Co. v. Hillebrandt (Tex. Civ. App.) 299 S. W. 665.

[6] But, even if the issue as to the lights had not been submitted to the jury at all, the judgment still finds ample support in the finding that the truck and the timber were negligently caused to protrude over the traveled portion of the highway so as to cause the collision. This was a separate finding of negligence distinct from the failure to light the truck, and either group of findings is sufficient to support the judgment.

[7] The evidence raises the issue of Miss Ropson's future impaired capacity to work and perform services of pecuniary value, hence the court did not err in submitting this matter in the charge upon the measure of damages.

Nor do we regard the damages assessed in her favor or her father's favor as excessive.

[8] The objection to the court's charge raised by the eighteenth proposition was not made in the court below, and cannot be here made for the first time.

The charge is not subject to the criticism made in the nineteenth proposition.

The argument counsel referred to in the twentieth proposition, if justly subject to the criticism made of it, nevertheless is not reversible. Galveston, H. & S. A. R. Co. v. Harling (Tex. Com. App.) 260 S. W. 1016.

The twenty-first proposition is without merit. Anderson Bros. v. Parker Co. (Tex. Civ. App.) 254 S. W. 543; Williams v. Phelps (Tex. Civ. App.) 171 S. W. 1100; Missouri, K. & T. R. Co. of Texas v. Andrews Co. (Tex. Com. App.) 206 S. W. 823; Williams v. Williams, 112 Ark. 507, 166 S. W. 552; Rose v. Tholborn, 153 Mo. App. 408, 134 S. W. 1093; Paul v. Dunham (Mo. App.) 214 S. W. 263; Debes v. Greenstone (Tex. Civ. App.) 260 S. W. 211; Pullman Co. v. Cox (Tex. Civ. App.) 220 S. W. 599.

Affirmed.