**WALGREEN CO. v. COCHRAN.**

No. 9359.

Circuit Court of Appeals, Eighth Circuit.

Oct. 3, 1932.

Robert B. Fizzell, of Kansas City, Mo. (Justin D. Bowersock, P. L. Edwards, and Bowersock, Fizzell & Rhodes, all of Kansas City, Mo., on the brief), for appellant.

Henry L. Jost, of Kansas City, Mo. (G. H. Jones and Sebree, Jost & Sebree, all of Kansas City, Mo., on the brief), for appellee.

Before VAN VALKENBURGH and SANBORN, Circuit Judges, and DAVIS, District Judge.

DAVIS, District Judge.

This is an appeal from a judgment entered in an action for slander. The cause was heard by a jury which returned a verdict for appellee for $3,500 actual, and $4,000 punitive, damages.

The errors assigned relate to: (1) The sufficiency of the evidence; (2) the admission of testimony; (3) argument of counsel; (4) the instructions; (5) the damages assessed; and (6) the ruling on the motion in arrest of judgment.

The appellant was the owner and operator of a number of retail drug stores in Kansas City, and elsewhere. The appellee was, from March 19, 1930, to March 29, 1930, cashier in one of these stores in said city. Her duties were, generally, to receive money from, and to make change for, customers who made purchases in the store. At the end of each day she was required to make a report of the amount recorded on the cash register as having been received, and the amount of cash on hand. William Bush was the manager of the said store, and in that capacity had general supervision of the same, and the employees therein. During the short time that appellee was employed in the above-mentioned capacity, there was a discrepancy in the cash recorded and on hand on three different days. On the morning of March 29th, the manager spoke to appellee about the discrepancies, as he had previously done, and stated that he would get the reports, which he did. While the manager and appellee were standing at the cash register, behind the counter, examining the reports, he is charged in the petition to have said to appellee, within the hearing of Jesse L. Rose, and Dale Potter, two customers in the store, "Your report last night did not check. I am watching you and will see that these shortages stop."

The witness Rose stated that the manager said, "Your report of last night did not check, and these shortages will have to stop."

The witness Potter recalled that Bush said to appellee, "Your accounts didn't check last night. This shortage is going to stop. I am going to see that this shortage stops."

These were the only witnesses who testified to the publication of the alleged slanderous words, and neither of them heard the words, "I am watching you" as set out in the petition. In this situation the trial court properly ruled that the words as heard by third parties, and not the statement as heard by appellee, must be considered in determining the character of the utterance.

The position of the appellee is not that the alleged defamatory statement was in itself actionable, but it was alleged by way of innuendo that the manager of the store intended to charge, and did charge, appellee with the crime of embezzlement, and that his language was so understood by those who heard it.

Statements which impute theft to another, when made in the hearing of others, are actionable. If the words taken in their usual and ordinary meaning are incapable of conveying to a person of ordinary understanding an imputation of larceny, then they are not actionable. When the language used is fairly susceptible of two meanings, one innocent, and the other defamatory, it is ordinarily a question for the jury to determine whether the words used at the time, in the manner, and under the circumstances, were intended to charge the commission of a crime. Newell on Libel and Slander (4th Ed.) § 543; Pandolfo v. Bank of Benson et al. (C. C. A. 9) 273 F. 48; Washington Post Co. v. Chaloner, 250 U. S. 290, 39 S. Ct. 448, 63 L. Ed. 987; Commercial Publishing Co. v. Smith (C. C. A. 6) 149 F. 704; Peck v. Tribune Co., 214 U. S. 185, 29 S. Ct. 554, 53 L. Ed. 960, 16 Ann. Cas. 1075.

In this case the language of which complaint is made was spoken by an employee of appellant vested with supervisory control of the other employees of the store. Discrepancies in appellee's accounts had occurred, and the manager had been directed by appellant to see that mistakes in this respect were avoided in the future. While he had called appellee's attention to the matter before, he again went over the report with her, and gave utterance to the statement that is now charged to have been slanderous. In this connection the trial court correctly held the occasion was one which invoked the rule of

qualified privilege. This is said to mean that a communication made in good faith upon any subject in which the party communicating has an interest, or in reference to which he has a duty, is privileged, if made to a person having a corresponding duty or interest, although it is of such a nature as to be slanderous, in the absence of such privilege. New York & Porto Rico S. S. Co. v. Garcia (C. C. A. 1) 16 F.(2d) 734; Montgomery Ward & Co. v. Watson (C. C. A. 4) 55 F. (2d) 184, 188; Pattie De Van Rose v. Tholborn, 153 Mo. App. 408, 134 S. W. 1093; Wise v. Brotherhood of Locomotive Firemen and Enginemen (C. C. A. 8) 252 F. 961.

■ The defense of qualified privilege was not pleaded, but the existence of facts giving rise to the privilege was alleged in the petition and shown by the evidence offered by appellee. In this situation it was not necessary to specially plead this defense. Kersting v. White, 107 Mo. App. 265, 80 S. W. 730. This rule is peculiarly applicable here, where the exact words alleged to have been uttered were not shown to have been spoken, and appellant could not have confessed and avoided their utterance. It gives some weight to the contention that the evidence was not responsive to the allegation. But the case ought not to be decided on such technical grounds if it can be avoided. The case, without objection, was tried on the theory of qualified privilege, and has been so briefed and argued in this court. The situation here existing warrants the ruling that the defense of privilege was properly invoked.

■■ Consequently, in order for appellee to recover, the burden was upon appellee to show that appellant was actuated by express malice in making the statement. Massee v. Williams (C. C. A.) 207 F. 222. That is, it must be established that the person making the statement was actuated by motives of spite, ill will, or a malicious purpose to do an injury to the person about whom or to whom the words were spoken. This may be shown by extrinsic evidence of ill will, or the manner and circumstances surrounding the utterance may be such as to indicate actual malice.

■ There was in this case, no extrinsic evidence of ill will, but appellee contends that the manner, place, circumstances, and conduct of the appellant's agent show that he was actuated by express malice. The following circumstances are relied upon as showing the personal ill will of the manager: That (1) he had previously spoken to appellee about shortages; (2) shortly before the making of the statement he spoke rudely to appellee causing her to cry; (3) he spoke in a loud and angry manner in the presence of third parties; (4) the shortages were deducted from appellee's salary; and (5) appellee was charged with the entire shortage, although not at all times in charge of the cash register.

The evidence covering these matters have been carefully examined. It was the duty of the manager of the store to supervise the other employees, and to admonish them when the occasion for so doing arose. No particular significance can be attached to the fact that he spoke to appellee about the shortages, from time to time, or that in so doing he became emphatic, and that appellee felt humiliated. It is not contended that there was no shortage, nor that the manager's statement was false. To state that a shortage existed was not equivalent to a charge of embezzlement or theft. Hardeman v. Sinclair Refining ment or theft. Hardeman v. Sinclair Refin- Co. et al., 41 Ga. App. 315, 152 S. E. 854. That his manner was rude was not testified to by the witnesses Rose and Potter, and this charge finds no substantial support in the record. The fact that bystanders overheard the conversation does not destroy the privilege, particularly when there is no effort to give the matter publicity. Montgomery Ward & Co. v. Watson, supra; Newell on Libel and Slander (4th Ed.) § 296; New York & Porto Rico Co. v. Garcia, supra. The charging of the shortages to appellant's account was in observance of a rule of the store concerning which appellee was fully informed at the time of employment. She accepted such disposition of the matter at the time, without complaint. Subsequently appellee was reemployed to work in one of the stores.

Diligence, attention to duty, observance of instructions, and firmness in calling upon other employees to be accurate and attentive to duties, do not indicate personal spite and ill will on the part of one in charge of a business establishment. The evidence falls far short of showing that appellant's manager was actuated by express malice. Such an inference based upon the circumstances relied upon in this instance has no substantial basis upon which to stand.

The court in Montgomery Ward & Co. v. Watson, supra, said: "Where the language is of such a character that the jury would be justified in inferring malice from its use, the question of the existence of malice is, of course, one for their determination; but,

where such inference cannot reasonably be drawn, or where the language and the circumstances attending its publication are as consistent with the nonexistence of malice as with its existence, the court should direct a verdict for defendant."

See, also, National Disabled Soldiers' League v. Haan, 55 App. D. C. 243, 4 F.(2d) 436; Stroud v. Harris (C. C. A. 8) 5 F.(2d) 25; Holmes v. Royal Fraternal Union, 222 Mo. 556, 121 S. W. 100, 26 L. R. A. (N. S.) 1080.

It follows that appellant's motion for a directed verdict should have been sustained. The other matters complained of need not be considered, because of the improbability of their recurrence.

The cause is reversed and remanded, with directions to grant a new trial.