# Hardeman *v.* Williams.

*Action for Damages for Assault and Battery.*

(Decided April 20, 1907.   43 So. Rep. 726.)

1. *Appeal; Pleading; Trial Without Issue Joined; Waiver.*—Where it is manifest from the record that both parties without objection tried the issue to its conclusion as if on issue joined on the general issue, the fact that no such plea was filed putting in issue the averment of the complaint will not prevent consideration of the errors assigned presented by the bill of exceptions.

2. *Principal and Agent; Liability of Principal for Tort of Agent.*—Where it appeared that the agent of defendant went with a constable to plaintiff's house to assist the constable in taking furniture under a writ of detinue sued out by the defendant, and, while there the constable and the plaintiff got into a quarrel over a remark made by the plaintiff with respect to a matter having no connection with the taking of the furniture, or the execution of the writ, and in assisting the constable, defendant's agent knocked plaintiff down, it does not appear that the agent committed the assault in the course, and within the scope of his employment, and his principal is not liable therefor.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Sallie Williams against B. F. Hardeman. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Action by Sallie Williams against B. F. Hardeman, individually and doing business in Mobile as J. O. Bell, for assault and battery. The complaint was as follows:

"(1) The plaintiff claims of the defendant the sum of five thousand dollars damages for an assault and battery committed or caused to be committed on the plaintiff on the 14th day of April, 1904, by one L. E. Meyers, the agent or servant of defendant, who was then and there acting within the scope of his employment as such agent or servant. (2) The plaintiff claims of the defendant the further sum of five thousand dollars damages for that, to wit, on or about the 14th day of April, 1904, one L. E. Meyers, the agent or servant of defendant, was then and there acting within the scope of his employment, maliciously assaulted and beat, or caused to be assaulted and beaten, the plaintiff, to her damage as aforesaid. (3) The plaintiff claims of the defendant the further sum of five thousand dollars, for that heretofore, to wit, on or about the 14th day of April, 1904, one L. E. Meyers, who was then and there the agent or servant of B. F. Hardeman, the defendant, and who was then and there acting within the line and scope of his authority and employment, came to the plaintiff's house and maliciously assaulted, beat, or otherwise mistreated, or caused to be beaten, assaulted, or otherwise mistreated, the plaintiff, to her great bodily harm and mental suffering, to her great damage as aforesaid, and by reason of said injuries caused plaintiff to expend large sums of money for medicine, doctors' bills, and also caused her the loss of much time. (4) The plaintiff claims of the defendant the further sum of five thousand dollars damages, for that heretofore, on or about the 14th day of April, 1904, L. E. Meyers and Malcombe J. Faligant, who were then and there the agents or servants of B. F. Hardeman, and who were at that time acting within the scope of their employment, came to plaintiff's house, and maliciously assaulted, beat, or otherwise mistreated, or caused to be so assaulted or beaten, the plaintiff, causing her great bodily suffering and mental anguish, to her damages as aforesaid." The demurrers were as follows: "(1) Because said complaint does not set out any facts showing that Meyers was acting within the scope of his employment. (2) Because said complaint does not set out any facts show-

ing that Meyers had authority to bind Hardeman by
causing some one to assault Sallie Williams."

The facts on which the opinion is rested sufficiently
appear in the opinion.   Judgment for plaintiff for $100.

FRANCIS J. INGE, and MARK D. BRAINARD, for appel-
lant.—Agency cannot be proved by the declaration, of
the agent alone nor by the act of the agent, unless the
principal subsequently ratified such act.—*Steele v. May*,
135 Ala. 483; Wood on M. & S. sec. 279.   The statement
of the court that "if they were in there and all participi-
pated in it the defendant would be responsible, and if
his agent participated in it, of course, Mr. Hardeman
was responsible," was erroneous.—*Palos C. & C. Co. v.
Denson*, 39 South. 729; *L. & N. R. R. Co. v. Whitman*, 79
Ala. 328; *A. G. S. R. R. Co. v. Frazer*, 93 Ala. 45; *Gillian
v. S. & N. R. R. Co.*, 70 Ala. 216; *Lampkin v. L. & N. R.
R. Co.*, 106 Ala. 287; *Goodlow v. M. & C. R. R. Co.*, 107
Ala. 233; *Steele v. May, supra; Case v. Hulsbush*, 122
Ala. 212; *Bir. W. W. Co. v. Hubbard*, 85 Ala. 179.
There is a marked distinction between an act done
by a servant during his employment and an act done
within the scope of his employment.—*Bowen v. Ill.
C. R. R. Co.*, 70 L. R. A. 915.   In order to recover
it is necessary to show that Meyers at the time the
alleged assault and battery was committed, was act-
ing within the scope of his employment for the
accomplishment of objects within the line of his duty,
or in or about the business or duties assigned to him by
his employer.—*M. & O. R. R. Co. v. Seals*, 100 Ala.368;
*City Delivery Co. v. Henry*, 139 Ala. 161; and authori-
ties supra.

CHARLES L. BROMBERG, and CHARLES W. THOMPKINS,
for appellee.—Meyers being the general agent of appel-
lant was the vice principal and the liability of appel-
lant for his acts in connection with the getting of this
furniture was beyond question.—*A. G S. R. R. Co. v.
Vail*, 38 South. 124, and cases cited.   The charges given
for appellee are fully sustained by the following cases.—

27 R

*A. G. S. R. R. Co. v. Frazier,* 93 Ala. 45; *Steele v. May, et al.,* 135 Ala. 488.

DENSON, J.—The complaint originally contained seven counts, but was amended by striking out the last three. To the complaint as amended the demurrer of the defendant was overruled. In respect to the points made by the demurrer, the averments of the complaint are sufficient, and the demurrer was properly overruled.

The point, made by the appellee, that no plea was filed, and the cause was tried without the averments of the complaint being put in issue, is without merit, and cannot prevent consideration of the assignments of error presented by the bill of exceptions. It is manifest from the record that both parties without objection tried the case to its conclusion as if on issue joined on the plea of the general issue.—*Richmond & Danville R. R. Co. v. Farmer,* 97 Ala. 141, 12 South. 86.

In this action the plaintiff seeks to recover damages for assault and battery alleged to have been committed on her person by an agent or servant of the defendant. The doctrine of the liability of the master for the wrongful acts of his servant is predicated upon the maxims, "Respondeat superior" and "Qui facit per alium facit per se." In fact, it rests upon the doctrine of agency. Therefore the universal test of the master's liability is whether there was authority, express or implied, for doing the act; that is, was it done in the course and within the scope of the servant's employment? If it be done in the course or within the scope of the employment, and in the accomplishment of objects within the line of his duties, the master will be liable for the act. If the servant step aside from his master's business, for however short a time, to do an act not connected with such business, the relation of master and servant for the time is suspended.—Cooley on Torts, 533 et seq.; Wood on Master and Servant, §§ 286, 307; *Morier v. St. Paul, etc. R. Co.,* 31 Minn. 351, 17 N. W. 952, 47 Am. Rep. 739; *Bowler v. O'Connell,* 162 Mass. 319, 38 N. E. 498, 27 L. R. A. 173, 44 Am. St. Rep. 359; *Houston Central R. R. Co. v. Bolling,* 59 Ark. 395, 27 S. W. 492, 27 L. R. A.

190, 43 Am. St. Rep. 38; *McCann v. Tillinghast*, 140 Mass. 327, 5. N. E. 164; *Palos Coal & Coke Co. v. Benson*, (Ala.) 39 South, 727, and cases there cited. The law is clearly expressed in the case last cited, in this language: "It is undoubtedly the law of this state, under former decisions, that a master, whether corporate or individual, is liable for the torts of the servant or employee, done or caused to be done in or about the duties assigned to them; but it is equally clear that this liability is confined to abuses perpetrated in the line of duties assigned them. The act must be, not only within the scope of the employment, but also committed in the accomplishment of objects within the line of his duties, or in and about the business or duties assigned to him by his employer." Without citation of other cases, it is sufficient to say that the case reported in 39 South. 727, and its congeners, state the rules that must control in the case at bar. While these rules are well understood generally, yet confusion now and then appears, from the failure to keep in mind the distinction between the act done by the servant within the scope of, and the act done during, his employment.

Holding in mind the rules as they are above stated, we come to consider whether the plaintiff has made out a case entitling her to recover. The facts, briefly stated, in form most favorable to the plaintiff, are these: The defendant resided in the city of Montgomery, Ala., but had a business known as the "short loan business" in the city of Mobile, Ala. One L. E. Meyers was defendant's general agent of the business in Mobile. Meyers, as such agent, sued out a writ of detinue, in the name of the defendant, before a justice of the peace in Mobile, against one Larlie Williams, to get possession of some furniture which was held in possession by Larlie. Said Larlie lived in the house with her mother, the plaintiff, and the furniture was in that house. The justice of the peace placed the writ in the hands of the constable of his court, one Herman, for execution. At Herman's request, Meyers went with him to point out the furniture sued for, and directed two other men, in the service of the defendant, to go along for the purpose of loading the

furniture on the wagon. Meyers went with Herman in a cart to the home of the plaintiff, and the other men went on bicycles. Arriving at the house, Herman and Meyers walked in. Meyers sat down on a lounge in the hall, and Herman took a seat in a rocking chair in plaintiff's room. The plaintiff was not in, but came at once from the kitchen into the house, carrying her six-months babe in her arms. The plaintiff testified as follows: "I walked up to them and said: 'What is this? What do you all want? What have you come after?' Meyers said to me that they had come to get those things of Larlie's for some money she had borrowed. I then asked if Larlie had not paid any money on that bill, to which Meyers said she had paid some, but had not paid all, and that they had come after the things. At this time Mr. Herman, who was in the room, said: 'Do not let her dispute about the things. We came here to get them, and let's get them.' I then turned around and said: 'Who is you? What you got to do with it?' And Herman replied: 'I am an officer.' I then said: 'You look like a mighty trifling looking officer. You ain't got on as good clothes as my husband wears every day.' When I said that, Herman jerked his pistol out of his pocket and struck me. When he struck me, he knocked my baby out of my arms. I then reached down and picked up the poker, and let him have it; and, the minute I struck Herman, Meyers grabbed me and knocked me flat on the floor. During the fight Meyers said to me: 'The idea of your hitting an officer here. Don't you know I brought this officer here to take these things?' " While the difficulty was in progress, the other two men (according to the evidence of the plaintiff) jumped into the room through the window and helped Herman. When the difficulty was over, the plaintiff ran out of the house and caught a street car and went into the city. The constable, Meyers, and the other two men then got the furniture and carried it away.

The question is, was the assault (conceding that Meyers aided Herman) committed in the course of executing the writ or of getting possession of the furniture, and for the purpose of accomplishing the getting, or taking

[Hardeman v. Williams.]

possession. If not, then Meyers was not acting in the course of the defendant's business. At the time, no effort had been made, nor was any being made, to take the furniture. Only a conversation (a friendly one, so far as the evidence shows), about the state of Larlie's indebtedness, was in progress. Herman injected a remark, when the plaintiff turned and addressed to him a contemptuous reply; and from Herman's act in striking her so suddenly (whether justifiable or not is immaterial), construed by the evidence, we are unable to draw any reasonable inference other than that he was impelled by motives wholly personal to himself, and struck simply to gratify his feeling of resentment, and not for the purpose of overcoming resistance, or of clearing the way to getting possession of the furniture. Nor does the evidence warrant the inference that Meyers went to Herman's assistance for any other than the single purpose of helping him to punish plaintiff, or of preventing her of overcoming him. We cannot see that the evidence affords an inference that Meyers aided Herman for the purpose of promoting any interest of the defendant, or that his conduct was in line with his duties as agent. But it seems clear to our minds, that the evidence shows only a purely personal wrong of the servant for which the master cannot be held liable.

On the foregoing considerations, it follows that the general affirmative charge, with hypothesis, requested by the defendant, should have been given. This renders it unnecessary to consider the assignments of error seriatim. For the error in refusing the general charge as requested, the judgment is reversed, and the cause will be remanded.

Reversed and remanded.