(79 South. 147)

DAVIDSON et al. v. SMITH. (6 Div. 344.)

(Court of Appeals of Alabama. May 7, 1918. Rehearing Denied June 11, 1918.)

PRINCIPAL AND AGENT ☞189(1) — TORT OF AGENT—PLEADING.

Complaint by tenant against landlord, alleging defendant's authorized agent, while in line and scope of authority, collecting rent, struck plaintiff, was defective, as failing to allege agent was acting in line and scope of his authority as such when the assault was made.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Essie Smith against W. S. Davidson and others for assault and battery by an agent. From judgment for plaintiff, defendants appeal. Reversed and remanded.

William A. Jacobs, of Birmingham, for appellants. McArthur & Howard, of Birmingham, for appellee.

SAMFORD, J. The complaint as originally filed contained three counts, but after the evidence was in the plaintiff amended the complaint, by striking out counts 1, 2, and 3, and by adding count 4, which is in the following words:

"Plaintiff claims of defendant the sum of $10,000, for that heretofore, to wit, on the 24th day of February, 1916, defendant Anna L. Davidson was the owner of a building located at 605 North Twenty-First street, in Birmingham, Alabama, and plaintiff says she was a tenant or occupant of said building at said time and place, and while defendant's authorized agent, Willie S. Davidson, was in the line and scope of his authority as such agent in and about the duties of attempting to collect her (defendant's) rent, he committed acts of violence upon the person of plaintiff as follows: Struck her a blow with his fist, violently pushed her about the house, causing her physical suffering, mental anguish, and pain, putting her to expense of a doctor, causing her to be permanently less able to work as theretofore. Plaintiff avers that the aforesaid suffering and damages were caused proximately from the acts of violence as aforesaid."

This count was demurred to, and the demurrer was overruled. The count was defective, in that it fails to allege that the agent was acting in the line and scope of his authority as such agent when the assault was made. There is a marked distinction between an act done by a servant during his employment and an act done within the scope

of his employment. Bowen v. I. C. R. R., 136 Fed. 306, 69 C. C. A. 444, 70 L. R. A. 915; Hardeman v. Williams, 150 Ala. 415, 43 South. 726, 10 L. R. A. (N. S.) 653.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.