(124 So. 399)

## CENTRAL IRON & COAL CO. v. PARSONS.
### (6 Div. 420.)

Court of Appeals of Alabama.   Oct. 29, 1929.

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellee.

BRICKEN, P. J.  The appeal in this case is from a judgment in favor of plaintiff.  The complaint was in assumpsit, and contained three counts:  The first count being on account;  the second on account stated;  and the third count being for merchandise sold by plaintiff to defendant.  In each count the amount claimed was $70.84, which amount the plaintiff claimed was due him by defendant for a hog sold to defendant by plaintiff.  To each count of the complaint the defendant pleaded the general issue.  No special pleas were filed.

While no special plea to that effect was filed, it is apparent from the record of the trial that the defendant refused to pay plaintiff the amount claimed, on the ground that the hog in question was not sound and not fit for human consumption.  On this question the evidence was in conflict, and this appears to have been the actual litigated issue.  This main issue, as to the soundness of the hog, was submitted to the jury, and the court charged the jury, in this connection, that "the defendant would not be required to pay the plaintiff for the hog, if the hog was not sound."  The jury, as stated, found for the plaintiff on this issue, thus sustaining the plaintiff and his witnesses' contention that the hog sold the defendant by plaintiff was sound and fit for human consumption.  There was no contention that the hog had been paid for.

H. A. & D. K. Jones and Herbert L. Findley, all of Tuscaloosa, for appellant.

Although the record shows that no plea, other than the general issue, was interposed to the complaint, yet it affirmatively appears by the bill of exceptions that both parties, without objection proceeded with the trial as if this issue had been regularly formulated by special plea.  Where this is true, the appellate courts will review the action of the trial court just as if the record showed that an issue actually tried had been made up in due form.  In such cases the missing plea is supplied by intendment.  Hardeman v. Wil-

liams, 150 Ala. 415, 43 So. 726, 10 L. R. A. (N. S.) 653.

The assignment of errors and insistences of appellant are all of the same import. What has been here said, we think, is a sufficient answer in this connection.

No error appearing, the judgment appealed from is affirmed.

Affirmed.