## WESTERN UNION TELEGRAPH CO. v. HILL.

### No. 6858.

Circuit Court of Appeals, Fifth Circuit.
Nov. 8, 1933.

Gerry Cabaniss, of Birmingham, Ala., and Geo. P. Cooper, of Huntsville, Ala., for appellant.

M. U. Griffin and Earle R. Ford, both of Huntsville, Ala., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Louise B. Hill sued and recovered judgment against the Western Union Telegraph Company for damages for an assault alleged to have been committed upon her by the manager of that company's office at Huntsville, Ala. The defendant appeals, and assigns as error the refusal of the trial court to direct a verdict in its favor.

Plaintiff's husband had in his store, where she worked, an electric clock maintained by defendant. Plaintiff testified that the clock was not keeping correct time; that she went to the company's office half a block away from her husband's store to request Sapp, the manager of the office, to have the clock fixed; that, when she entered, Sapp, who appeared to her to be somewhat intoxicated, was standing behind the counter, and, when she asked him about fixing the clock, he said: "If you will come behind the counter and let me love and pet you I will fix your clock. With that he reached for me." She later said, on direct examination, that Sapp's language was: "Come behind the counter and let me love and pet you." She further testified that his hands came within an inch or two of her and would have touched her except for the fact that she jumped back out of the way.

Mere words, however provoking or insulting, do not constitute an assault. 5 C. J. 617. It may be assumed that there was a technical assault which would have been completed if the plaintiff had not jumped back out of the manager's reach. But in our opinion the defendant is not liable, and for

the reason that its manager in committing the assault was not acting within the scope of his employment. If an assault be committed by a servant while he is in pursuit of his master's business, although in a wrong or even forbidden way, the master is nevertheless liable. But, if the assault does not spring from, and has no connection with, the servant's duties, the master is not liable. Hardeman v. Williams, 150 Ala. 415, 43 So. 726, 10 L. R. A. (N. S.) 653; Evers v. Krouse, 70 N. J. Law, 653, 58 A. 181, 66 L. R. A. 592; 3 Cooley on Torts (4th Ed.) §§ 391, 396; 18 R. C. L. 795 et seq. The District Judge fully recognized this principle of law, and stated it correctly to the jury, but in applying it he authorized the jury to find for plaintiff on the theory that defendant's manager would agree to have the electric clock repaired only upon condition that plaintiff would yield to his insulting proposal, during the making of which the assault occurred. In our opinion, the office manager was not imposing a condition upon compliance with which only he would have the clock repaired. Plaintiff, it is true, at first attributed to him language which was conditional in form, though not in substance. Even if Sapp made use of that language, it is apparent that he was not thinking about, or referring to, the clock in the store; and this is shown more conclusively by plaintiff's subsequent testimony as to what he said, in which she does not claim that he made any reference to the clock, but simply, without qualification or condition, asked her to come behind the counter and submit to his caresses. Taking plaintiff's testimony and construing it as a whole, it fails to show that the assault sprang from, or was in any way connected with, Sapp's employment. It follows that it was error to refuse defendant's request for the peremptory instruction.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.