**GELHAUS et al. v. EASTERN AIR LINES, Inc. et al.**

No. 13357.

United States Court of Appeals
Fifth Circuit.

March 6, 1952.

Rehearing Denied April 10, 1952.

Benjamin E. Carey, Miami, Fla., for appellants.

Charles A. Moye, Jr., E. Smythe Gambrell, Atlanta, Ga., James A. Dixon, Charles M. Moon, Miami, Fla., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HUTCHESON, Chief Judge

On December 5, 1949, Fred Gelhaus, the appellant in this case and in a companion case, No. 13358 on the docket of this court against the same appellee, 5 Cir., 194 F.2d 774, was discharged from the employ of appellee. This suit and its companion were brought as a result of that discharge.

In this suit, to which the Prudential Insurance Company of America was also a party, plaintiff's claim briefly stated was: that, by virtue of the terms and provisions of the Eastern Air Lines retirement plan, which plaintiff became eligible to join and did join and to which by deductions from his salary he made the contributions required, a contract of employment arose and exists; that because thereof his employment could not be terminated without a showing of substantial cause therefor; but that, notwithstanding this, he was wrongfully discharged without cause, to his great damage.

His prayers were for: (1) a judgment declaring his rights as pleaded; (2) a money decree for his damages for breach of contract by wrongful discharge; (3) a judgment declaring a trust as to all moneys paid into the pension fund by Eastern Air Lines on account of plaintiff, and requiring the defendants to account to him therefor, with reasonable attorneys fees.

The defendant Prudential Insurance Company answered denying that plaintiff had any claim upon it or upon any funds in its hands. It alleged that plaintiff had demanded payment to him of, and receipted to defendant for, the $220.50 he had paid into the group annuity fund and had delivered defendant a written release releasing it from any and all liability with respect to or under the group annuity contract and pension plan, and his certificate issued in connection therewith. It further alleged that the group annuity contract referred to by plaintiff did not purport to, and does not, guarantee permanent employment to plaintiff, and its issuance was neither intended to, nor did it have any contractual effect of that nature.

The defendant Eastern Air Lines first moved to dismiss and later moved for summary judgment on the pleadings and on depositions taken, and to be taken and filed, prior to the hearing.

The motion coming on to be heard, defendant offered: the contract of employment between it and plaintiff, which among other things stated that plaintiff "understands and agrees that his employment is not for any fixed term or period, but may be terminated at the will and in the discretion of the employer". It offered, too, the provisions of Eastern's retirement plan with Prudential, and plaintiff's participation certificate including the provision in it for its cancellation. This provided that if the employment of a participant is terminated he may elect to have his contribution refunded to him, in which event there shall be cancelled as of the date of the election all normal retirement annuity which has been purchased by such contributions, and he shall thereupon cease to be a participant under the contract.

Finally it offered plaintiff's application [1] for refund and release,[2] signed by him to

1. The application recited that Eastern having terminated his employment, he elected not to receive the paid up deferred annuity, but to receive the return of his contributions.

2. The release designated the employer as agent to receive from the insurance company the return of his contributions and concluded that in consideration of the payment to him by the employer of $221.-47, receipt of which was acknowledged, he released the insurance company from any and all liability with respect to his coverage and under the certificate returned for cancellation therewith.

secure his refund. Plaintiff, whose deposition was offered in evidence by defendant, offered no evidence to the contrary of that above stated.

The district judge, on this showing, found that the employment was at will, that plaintiff was not wrongfully discharged, and that he was not entitled to receive any further sum or sums than he had received, and gave judgment for defendant.

Plaintiff, appealing from the judgment only as to Eastern Airlines, insists that there were material issues of fact to be determined and that the summary judgment was erroneous and should be reversed.

We cannot agree. We are in no doubt that upon the showing made, which was not contradicted by plaintiff in any way, a summary judgment was demanded.[3]

The judgment was right. It is affirmed.

---

3. National Mfg. & Stores Corp. v. Whitman, 4 Cir., 93 F.2d 829; Savannah, F. & W. R. Co. v. Willett, 43 Fla. 311, 31 So. 246; Paramount Enterprises v. Mitchell, 104 Fla. 407, 140 So. 328; Gifford v. Travelers Protective Ass'n, 9 Cir., 153 F.2d 209; Lindsey v. Leavy, 9 Cir., 149 F.2d 899; Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.; Lewis v. Atlas Corp., D.C., 63 F.Supp. 217, affirmed, 3 Cir., 158 F.2d 599.