### GELHAUS v. EASTERN AIR LINES, Inc.
#### No. 13358.

United States Court of Appeals,
Fifth Circuit.

March 6, 1952.

Rehearing Denied April 10, 1952.

Benjamin E. Carey, Miami, Fla., for appellant.

Charles A. Moye, Jr., Atlanta, Ga., Charles M. Moon, Miami, Fla., E. Smythe Gambrell, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Arising out of the discharge dealt with in No. 13357 on the docket of this court, 194 F.2d 772, this case presents entirely different questions. Alleging the wrongful discharge as the occasion of the matters complained of, the suit was brought to recover damages on account of slanderous remarks and a trespass against plaintiff's person and property, allegedly committed

---

by the defendant at the time of, and in connection with, the discharge.

Disposed of below, as the other case was, by summary judgment, the judgment here is attacked, as was the judgment there, on the ground that there were genuine issues as to material facts and that the moving party was, therefore, not entitled to judgment as matter of law.

Plaintiff's claim briefly stated was: that, at about 3 P.M., on December 5, 1949, while he was engaged in the performance of his duties, the defendant, through one Ray, wilfully, ruthlessly, and wrongfully discharged him; that in discharging him, Ray called the plaintiff to his office, and, within the hearing of several employees, proceeded to discharge him, making a false and malicious statement that plaintiff did not know his work; that Ray immediately left the office and started down one of the corridors and in a loud tone of voice stated to the personnel director in the hearing of many employees, "I just fired the hell out of Gelhaus"; that thereafter, while plaintiff was in the snack bar area on the premises of defendant conversing with one of the defendant's executives, Ray interrupted the conversation and in loud tone of voice, within the hearing of many of the employees, stated to plaintiff, "Are you still here? You are fired, and when I fired you, I meant you were fired. If you are not off the place by five o'clock, I am going to have the guards throw you off, and I will throw your personal belongings out in the middle of 36th Street"; that the defendant maintains armed guards at each entrance to the premises, and the said Ray had instructed the guards to expel plaintiff therefrom; that because of the threats, plaintiff left the premises without time to settle his office affairs and to gather his belongings; and that plaintiff was, by all of the matters alleged, subjected to great humiliation, indignity, and shame, and was made to suffer great mental and physical pain; and plaintiff claims compensatory, as well as punitive damages.

Defendant filed a motion to dismiss the complaint and a motion for summary judgment, basing the motion on the complaint,

the motion to dismiss, and depositions filed or to be filed prior to the hearing.

Depositions in discovery proceedings were taken in this case and in the companion case, No. 13,357, and these depositions were used in the summary judgment proceeding.

At the hearing, it was established without dispute as to the claim of slander that the alleged slanderous words, "Plaintiff did not know his work and that the employees were unable to get along with him", were made to plaintiff in the office of Ray, after Ray had requested his resignation and he had refused to give it, and they were made for the purpose of giving him a reason for his discharge.

It further appeared there without dispute that there was no one in the office but Ray and the plaintiff, with Ray's secretary in an adjoining office some ten feet away with an open door between them. She testified, and no one contradicted her, that the only thing she heard was Mr. Ray's statement that the plaintiff was discharged, and that she did not hear the statements of which plaintiff complains. Plaintiff was not able to, and did not, dispute her testimony except as it may be regarded as disputed by testimony of the proximity of the secretary's office to Ray's, and that Ray spoke in a loud voice and the partitions between the offices were not soundproof.

As to the case on assault, it was established by the undisputed evidence that Ray did not attack or attempt to attack or use force upon the plaintiff, and neither did any of the guards. It was also established that plaintiff's property was not touched or thrown off the premises.

In this state of the evidence, the defendant insisted below, and insists here, that there was no issue of fact to be tried: (1) that the evidence did not show the prime essential of an actionable slander, a publication of the words to others; (2) that if there was a publication, that is if persons not expected to hear the statement did hear it, the publication was only accidental and unintentional; and (3) that the statement was privileged in that Ray had the right to make the statement in giving his grounds

for discharge unless he made the statement in actual malice, and that was not shown. On the action for trespass to person or property, the defendant insisted that no trespass was shown, there being only words, the use of which, however ill mannered or unpleasant, were not actionable.

The district judge agreed with defendant, and gave judgment for it, and plaintiff is here insisting that the court erred because: (1) there was evidence from which the jury could have found that there was a publication, that is that, taking into consideration the loud tones in which the statement was made and the lack of soundproofing of the partitions in the office, a jury could hold that the statement was deliberately and intentionally published; (2) since the statement was not made to any of Ray's superiors or to any of the employees who were entitled to know his grounds for discharge, the statement was not privileged; and (3) if it would have been qualifiedly privileged, the loud and angry tones and conduct of Ray furnished a basis for a finding that the statement was made with actual malice, and the privilege was unavailing.

Upon the issue of the claim for damages for assault and trespass, the appellant insists that, considering the time, manner and circumstances of their making the threats to his person and property must be regarded as actionable under the decisions in Florida defining assault as an unlawful offer or attempt to injure another with apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril, of which Motley v. State, 155 Fla. 545, 20 So.2d 798 is typical.

Opposing these views, the appellee insists: (1) that under the undisputed evidence of the secretary, which, uncontradicted and unimpeached, must be taken as true, that she did not hear the words complained of, there is a complete failure of proof of publication; and that if it could be said that there was an issue of fact upon whether she heard them, this would be only an incidental and accidental publication, and, therefore, not actionable.

Further pressing hard upon the question of privilege, appellee insists that what was said and the circumstances under which it was said could not have been actionable, since it was a privileged statement made to plaintiff in connection with his discharge, of the reasons therefor.

Denying that the intemperate language used after the complained of words had been said had any bearing upon the question of malice, and insisting that there was not proof of actual malice, defendant insists that the privileged character of the communication made it non-actionable.

Upon his cause of action for trespass to person and property, appellee points to the absolute requirement in a suit of that kind of proving the necessary elements of a civil assault. Citing Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, our case of Western Union Tel. Co. v. Hill, 5 Cir., 67 F.2d 487; 4 Am.Jur., "Assault and Battery", Secs. 5, 8, 11, and 12, and American Law Institute, Restatement, "Torts", Vol. 1, Sec. 21, 24, 25, 29 and 30, appellee points out that of all the necessary elements of an assault, only one was present, "Words and Threats", and these in themselves are not actionable. Torts, supra, Sec. 31.

We agree with appellee. If proof of unwarranted ill temper and excessive bad manners could constitute a cause of action, appellant's case would be amply made out. Taking Gelhaus' story to be true, as we must, on this appeal from a summary judgment, while we must conclude that there was no excuse for Ray's rude and peremptory manner and his overbearing attitude, we must also conclude that plaintiff neither could have sued,[1] nor did he sue, on this basis. He sued in slander and in trespass and assault, and failed to make out a case of either.

■ As established by the authorities, *supra,* his action for trespass and assault

1. Florida Publishing Co. v. Lee, 76 Fla. 405, 80 So. 245; Walgreen Co. v. Cochran, 8 Cir., 61 F.2d 357; 53 C.J.S., Libel and Slander, § 15, note 24; Dunn v. Bruat, 155 La. 376, 99 So. 296.

failed because of the complete absence of a showing that the necessary elements *for such cause of action were present.*

■■ The slander action failed primarily because of failure to prove publication.[2] This being so, it is not necessary for us to determine whether the established fact that the statement was qualifiedly privileged in its nature was overborne by evidence sufficient, if believed, to show actual malice.[3]

The judgment was right. It is affirmed.

2. Western Union Tel. Co. v. Cashman, 5 Cir., 149 F. 367, 9 L.R.A.,N.S., 140; Campbell v. Willmark Service System, 3 Cir., 123 F.2d 204; 33 Am.Jur., Libel & Slander, Sec. 90 and 91, pp. 103 and 104; Washington Annapolis Hotel Co. v. Riddle, 83 U.S.App.D.C. 288, 171 F.2d 732, 739.

3. Coogler v. Rhodes, 38 Fla. 240, 21 So. 109, at page 112; 53 C.J.S., Libel and Slander, § 101; Walgreen Co. v. Cochran, 8 Cir., 61 F.2d 357.