91 So.2d 470

**CLOVERLAND APARTMENTS, Inc.**

v.

**Alex P. ANSLEY et al., d/b/a Cloverland Sundries.**

3 Div. 719.

Supreme Court of Alabama.

Dec. 21, 1956.

Rushton, Stakely & Johnston, Montgomery, for appellant.

W. Guy Hardwick, Dothan, and Hill, Hill, Stovall & Carter, Montgomery, for appellee.

SPANN, Justice.

This is an appeal from a final decree of the Circuit Court of Montgomery County, Alabama, In Equity, granting complainants relief sought for, which included a declaration of the rights of the parties under a written lease agreement, and the effect of the decree was to preclude appellants from pleading the Statute of Frauds because of the doctrine of equitable estoppel, and had the further effect of ordering specific performance of an oral agreement whereby the written lease was extended for a period of five years.

The bill alleges that the complainants entered into a certain written lease with respondent on June 7, 1949, for certain space in the Cloverland Shopping Center, to be used as a "drug and sundry shop and dry cleaning pick-up station" and that on July 1, 1948, they entered into a written lease for a term of five years for certain property to be used as a filling station. It is further alleged that during the latter part of the year 1949, complainants began negotiating with respondent for an extension of the lease of the building occupied by the drug store and that respondent insisted that the rent on the filling station property should be increased and that it was agreed that complainants would begin to pay an increased rental on the filling station property and that respondent would extend the drug store lease for another five years from the expiration of the original lease, on the same terms as the original lease. The modification of lease on the filling station property was signed and executed by both parties on January 2, 1950, but the bill further shows "that the complainants have complied with the obligations which they assumed as the consideration for the extension of the lease contract covering the premises occupied by complainants doing business as Cloverland Sundries; and, though complainants have continuously and persistently and insistently demanded that respondent comply with its agreement to extend said lease contract covering the premises occupied by Clover-

land Sundries, respondent has evaded and ignored complainants' repeated requests and demands for performance by respondent, though not denying its obligation so to do until recently, when complainants were advised by respondent that respondent declined to recognize said obligation to so extend said lease contract and respondent now declines and refuses to so extend said lease contract covering said premises now occupied by complainants, doing business as Cloverland Sundries."

In their prayer, complainants sought a finding that the oral agreement to extend the lease as to the drug store property be held valid and binding upon respondent and that it be decreed that complainants "have the legal right to continue and remain in possession of said premises during said renewal period, provided they comply with all the provisions and obligations imposed upon them in said lease contract."

Demurrer to the bill was overruled and respondents filed an answer, the effect of which was that the agreement to extend the lease on drug store property, never having been executed by both parties, was ineffective under the Statute of Frauds. The issue was joined and after hearing the testimony, the court granted the relief prayed for. The court's finding was as follows:

"From the evidence the Court finds the issues in favor of the complainants and against the respondent. The Court finds from the evidence that the respondent is, under Doctrine of Equitable Estoppel, estopped from setting up the Statute of Frauds as a defense to the bill of complaint. The Court finds from the evidence that the parties agreed to extend for five years the terms of the leases upon the filling station property and the premises occupied by Cloverland Sundries, upon consideration of an immediate increase in rental on the filling station, and that a written memorandum carrying out part of the agreement was executed as to

the filling station. The Court finds from the evidence that agents of the respondent, ownership of the respondent having changed from time to time, thereby complicating matters, repeatedly gave assurance to the complainants that written memorandum of the extension of the original lease contract upon the Cloverland Sundries premises would be executed and furnished to them; and, upon this assurance, the complainants took action and incurred considerable expense in reliance upon the representations and assurances of the agents of the respondent that the agreement would be reduced to writing in accordance with the original understanding for the extension of the lease on the filling station, increase of the rental for the filling station, and the extension of the lease on the premises occupied by the drug store; and, complainants were misled to their prejudice. * * *"

The appellant urges that the decree must be reversed because the facts relied upon to establish the equitable estoppel were not specially pleaded. The law in Alabama is found in Jones v. Peebles, 130 Ala. 269, 30 So. 564, where the court stated the question, reviewed authorities and announced the rule. This rule has been followed many times since 1901. See annotation 120 A.L.R. 8 for some of our cases and a discussion of the question.

Appellees argue that the case was tried on the equitable estoppel theory and the rule that a case will not be reviewed here on a theory different from that on which the trial was had should prevail. Ellerbee v. Atlantic Coast Line R. Co., 258 Ala. 76, 61 So.2d 89; Seaboard Air Line R. Co. v. Lowe, 223 Ala. 542, 137 So. 448; Thomas v. Barnes, 219 Ala. 652, 123 So. 18.

■ Certainly the evidence, which was heard ore tenus by the trial court, tended to show equitable estoppel, and it is positive that the judge rendered his decree on that theory because he so stated. We think the evidence was sufficient to estop respondent from asserting its defense of the Statute of Frauds.

■ It is true that equitable estoppel is required to be specially pleaded under the rule of Jones v. Peebles, supra. But where, as here, the case was considered and treated by the parties, as well as the trial judge, as involving equitable estoppel and the issue was tried to its conclusion the cause will be here reviewed as though the pleadings properly raised that issue. Jefferson County v. Parker, 211 Ala. 289, 100 So. 338; Thomas v. Barnes, supra; Hardeman v. Williams, 150 Ala. 415, 43 So. 726, 10 L.R.A.,N.S., 653; Seaboard Air Line R. Co. v. Lowe, supra; Kirby v. Davis, 210 Ala. 192, 97 So. 655; Central Iron & Coal Company v. Parsons, 23 Ala.App. 293, 124 So. 399; Compton v. Compton, 235 Ala. 174, 177 So. 900; Ellerbee v. Atlantic Coast Line R. Co., supra.

It is manifest from the record before us that estoppel was one of the main issues in the cause and that it was so treated by all the parties.

We conclude, therefore, that the decree of the lower court is due to be, and is hereby, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.