Helen N. TOCKER, Appellant,

v.

The GREAT ATLANTIC & PACIFIC TEA COMPANY, a corporation, Appellee.

No. 3213.

District of Columbia Court of Appeals.

Argued April 22, 1963.

Decided May 17, 1963.

---

Maxwell A. Ostrow, Washington, D. C., with whom Herman Tocker, Washington, D. C., was on the brief, for appellant.

John L. Laskey, Washington, D. C., with whom Francis L. Young, Jr., Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

· MYERS, Associate Judge.

A customer appeals from a directed verdict for appellee at the conclusion of her case in which she sought to recover damages, both compensatory and punitive, for alleged slander, false arrest and wrongful detention.

The errors charged were rulings by the trial judge (1) that the words spoken by the store employee were not slanderous *per se*, viz., that they did not charge her with a crime involving moral turpitude and did not accuse her of an act punishable by law, and (2) that stopping her on the public street did not constitute false imprisonment.[1]

The record reveals that appellant entered the store as a customer and made some purchases for which she paid and left the premises. A few minutes later she returned to make an additional purchase of yeast. At this time, after looking over the cheese display, she picked up a small package of cheese, walked a few steps away, decided against buying it, and put it back in the case. She paid for the yeast at the checkout counter. As she walked to the exit door, the store manager preceded her. After taking a few steps on the public sidewalk, the manager turned around and this action caused her to stop. The following exchange of words occurred:

"What did you do with that package of cheese you had in your hand?

"I put it right back with the other cheese—are you accusing me of taking it?

"I have been stopping people because the other day a woman bought meat and put it in with the cereals. Did you put the cheese on the cereal counter?

"No, I told you, if you go back and look, you will find a package of about 9¾ ounces of cheese, right where I said I put it, with the other cheeses."

While appellant expresses doubt that these words were slanderous *per se* standing alone, she contends that, under the circumstances outlined, they were definitely ambiguous and capable of different meanings, one being that she had taken the cheese and was guilty of shoplifting, and that this ambiguity required that the case be submitted to the jury. In view of our disposition of this appeal we are not required to decide this question.

 The absence of the essential element of *publication* is fatal to appellant's claim for recovery of damages for slander. Because the interest protected by the law of defamation is that of reputation in the opinion of others, to render slander actionable it is necessary that the defaming words be communicated to some person other than the one defamed.[2] Appellant makes no showing that the words spoken to her were overheard by any other person. The burden was upon appellant to prove by a fair preponderance of the evidence the actual publication of the slanderous words. This she

---

1. False arrest was not pursued by appellant who apparently abandoned that theory in favor of false imprisonment.

2. Washington Annapolis Hotel Co. v. Riddle, 83 U.S.App.D.C. 288, 293, 171 F.2d 732; United Cigar Stores Co. v. Young, 36 App.D.C. 390; Gelhaus v. Eastern Airlines, 5th Cir., 194 F.2d 774, 777.

failed to do. She was the sole witness to testify on this point. Her only statement on this critical issue was, "There were other people behind me." No testimony was offered that the words of the manager were spoken in a loud, clear tone susceptible of being overheard or that his action attracted any attention or created any disturbance on the sidewalk. Appellant did not testify how far away the "other people" were, whether they were standing near or walking away, or whether they gave any appearance of being interested in her conversation with the manager. It is not enough that the words were uttered in the presence of others unless they were in fact overheard, to the damage of the defamed person's reputation and social standing.[3]

Appellant cites cases in which a presumption of publication was allowed to be raised, but these cases are distinguishable and involve a person speaking in a loud voice near others or admissions by the defendant that his remarks were made to some person other than the defamed party.

As we find no competent evidence to prove publication of the alleged slander from the facts in this case, we do not reach the question of qualified privilege.

We next consider the claim of false imprisonment. The term is defined as the unlawful detention of a person without a warrant or for any length of time whereby he is deprived of his personal liberty or freedom of locomotion; it may be caused by actual force, or by fear of force, or even by words. While it is true that a person can base an action upon false imprisonment upon a fear of physical intimidation, the record is devoid of any showing that the manager physically detained appellant in any way, nor does it disclose that his conduct was of such character as to cause appellant to reasonably fear he would resort to violence to prevent her departure. He did not use force nor by his actions indicate a threat to do so should she try to leave. She could have walked away at any time and, in fact, did so at the end of the brief colloquy on the sidewalk without any attempt by the manager, by word or deed, to restrain her. We find no evidence of reasonable apprehension of present confinement by force, or threat or intimation of force by words to imperil her freedom of movement. The store was entitled to a directed verdict on this point as the evidence presented no issue of false imprisonment for the jury.

Because of the failure to prove the essential element of publication in respect to the alleged use of slanderous words and because of insufficient evidence of false imprisonment, the motion for a directed verdict was properly granted.

Affirmed.

3. Gelhaus v. Eastern Air Lines, supra, note 2.